## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ILLINOIS
## EASTERN DIVISION

| | |
|---|---|
| AMONDOU FOSTER, DERRICK MAYES AND MICHAEL CALHOUN , ON BEHALF OF THEMSELVES AND ALL OTHER PLAINTIFFS SIMILARLY SITUATED, KNOWN AND UNKNOWN,<br><br>Plaintiffs,<br><br>v.<br><br>WESTERN PETROLEUM EXPRESS, INC., D/B/A SPEEDWAY LUBE EXPRESS AND PIT STOP 500, PETROLEUM PRODUCTS, INC., D/B/A PIT STOP 500 AND JASON PROUDFOOT, INDIVIDUALLY,<br><br>Defendants. | No. 1:20-cv-<br><br>Honorable Judge<br><br>Magistrate Judge<br><br>***JURY DEMAND*** |

## COMPLAINT

NOW COME Plaintiffs, **AMONDOU FOSTER, DERRICK MAYES AND MICHAEL CALHOUN** (each a "Plaintiff"), on behalf of themselves and all other Plaintiffs similarly situated, known and unknown, by and through their attorneys, JOHN W. BILLHORN AND SAMUEL D. ENGELSON OF THE BILLHORN LAW FIRM, and for their Complaint against Defendants, **WESTERN PETROLEUM EXPRESS, INC., D/B/A SPEEDWAY LUBE EXPRESS AND PIT STOP 500, PETROLEUM PRODUCTS, INC., D/B/A PIT STOP 500** (collectively, "Pit Stop 500") **AND JASON PROUDFOOT**  (each a "Defendant", collectively the "Defendants"), state as follows:

## I.    NATURE OF ACTION

1.     This action is brought under the Fair Labor Standards Act, 29 U.S.C. §201, *et seq*., the Illinois Minimum Wage Law, 820 ILCS §105/1 *et seq*, and the Chicago Minimum Wage Ordinance ("CMWO"), § 1-24-10 of the Municipal Code of Chicago.

## II.    JURISDICTION AND VENUE

2.    Jurisdiction arises under the provisions of the Fair Labor Standards Act, 29 U.S.C. §§ 206-207, and for the supplemental Illinois and municipal statutory claims, pursuant to 28 U.S.C. §1367. Venue lies in the Northern District of Illinois in that during all times relevant to the employment relationship, Plaintiffs performed work in this district and are each a resident of this district and Defendants are or were engaged in business in this district.

## III.    THE PARTIES

3.    Defendant, **WESTERN PETROLEUM EXPRESS, INC., d/b/a SPEEDWAY LUBE EXPRESS AND PIT STOP 500** ("WPE"), owns and operates vehicle service stations located at 5901 S. Western Ave., 10134 S. Western Ave., 7000 S. Stony Island Ave. in Chicago, Illinois and 110 E. Sibley Blvd. in Dolton, Illinois. Defendant, **WPE,** is an "enterprise" engaged in commerce or in the production of goods for commerce within the meaning of Section 29 U.S.C. §203(s)(1)(A)(i) and based upon information and belief formed after reasonably inquiry, satisfies the minimum annual gross sales dollar amount required by 29 U.S.C. §203(s)(1)(A)(ii). During all relevant times, Defendant was acting directly or indirectly in the interest of the employer in relation to the employee Plaintiffs and therefore, as defined under both the federal and state statutes relied upon, is an "employer."

4.    Defendant, **PETROLEUM PRODUCTS, INC., d/b/a PIT STOP 500** ("PPI"), owns and operates vehicle service stations located at 5901 S. Western Ave., 10134 S. Western Ave., 7000 S. Stony Island Ave. in Chicago, Illinois and 110 E. Sibley Blvd. in Dolton, Illinois. Defendant, **PPI,** is an "enterprise" engaged in commerce or in the production of goods for commerce within the meaning of Section 29 U.S.C. §203(s)(1)(A)(i) and based upon information and belief formed after reasonably inquiry, satisfies the

2

minimum annual gross sales dollar amount required by 29 U.S.C. §203(s)(1)(A)(ii). During all relevant times, Defendant was acting directly or indirectly in the interest of the employer in relation to the employee Plaintiffs and therefore, as defined under both the federal and state statutes relied upon, is an "employer."

5.      Defendant, **JASON PROUDFOOT,** is the owner and President of WPE and PPI (referred to collectively as "Pit Stop 500"), which together own and operate four (4) service stations under the names Speedway Lube Express and Pit Stop 500. In his capacity as owner and manager of Pit Stop 500, Proudfoot was vested with the authority to implement and carry out the wage and hour practices of Pit Stop 500. Plaintiffs were directed to, and did, communicate all employment issues, including the wage and hour violations asserted herein, to Proudfoot and Proudfoot in turn responded to those communications with the authority described above. Thus, at all times relevant hereto Proudfoot was acting directly or indirectly in the interest of the employer in relation to the employee Plaintiffs and therefore as defined under both the federal and state statutes relied upon, is an "employer".

6.      Plaintiff, **AMONDOU FOSTER** (hereinafter referred to as "Plaintiff" or "Foster") is a former hourly employee of Defendants who, between approximately September 2015 and July 2020, was employed by Defendants as a mechanic. During one or more weeks within that time frame, Plaintiff was denied overtime pay by Defendants for hours worked over 40 per work week.

7.      Plaintiff, **DERRICK MAYES** (hereinafter referred to as "Plaintiff" or "Mayes") is a former hourly employee of Defendants who, between approximately September 2016 and March 2019, was employed by Defendants as a mechanic. During one or more weeks within that time frame, Plaintiff was denied overtime pay by Defendants for hours worked over 40 per work week.

3

8.      Plaintiff, **MICHAEL CALHOUN** (hereinafter referred to as "Plaintiff" or "Calhoun") is a former hourly employee of Defendants who, between approximately May 2016 and March 2020, was employed by Defendants as a mechanic. During one or more weeks within that time frame, Plaintiff was denied overtime pay by Defendants for hours worked over 40 per work week.

9.      All other unnamed Plaintiffs known and unknown (hereinafter referred to as "members of the Plaintiff Class" or "similarly situated Plaintiffs"), are past or present hourly employees who work or worked for Defendant and were also not paid an overtime premium at a rate of one and one-half their regular rates of pay for hours worked in excess of 40 in a workweek.

10.      As employees performing duties for an enterprise engaged in commerce, the named Plaintiffs and all members of the Plaintiff Class were also engaged in commerce as defined by the FLSA.

## IV.      STATUTORY VIOLATIONS

### Collective Action Under the Fair Labor Standards Act

11.      Pursuant to the Fair Labor Standards Act, 29 U.S.C. §216(b), Count I of this action is brought by Plaintiffs as an opt-in representative or collective action, on behalf of themselves and other Plaintiffs similarly situated who have been damaged by Defendants' failure to comply with 29 U.S.C. §201 *et seq.* Count II alleges a willful violation of the FLSA and seeks an additional third year of limitations. Count III seeks liquidated damages under the Fair Labor Standards Act, Section 260.

### Illinois Minimum Wage Law

12.      Pursuant to the Illinois Minimum Wage Law, 820 ILCS §105/1 *et seq.*, Count IV of this action is brought by Plaintiffs to recover unpaid back wages earned on or before

4

the date three (3) years prior to the filing of this action. Each and every Plaintiff who joins this case in the future shall specifically adopt and assert the claims made under this Count IV. The claims asserted by Plaintiffs herein under the IMWL are proper for certification under Federal Rule of Civil Procedure 23.

### Chicago Minimum Wage Ordinance

13.    Pursuant to the Chicago Minimum Wage Ordinance ("CMWO"), § 1-24-10 of the Municipal Code of Chicago, Count VI of this action is brought by Plaintiffs to recover unpaid back wages earned on or before the date three (3) years prior to the filing of this action. Each and every Plaintiff who joins this case in the future shall specifically adopt and assert the claims made under this Count VI. The claims asserted by Plaintiff herein under the CMWO are proper for certification under Federal Rule of Civil Procedure 23.

## V.    FACTUAL ALLEGATIONS RELEVANT TO ALL COUNTS

14.    Plaintiffs, at all times pertinent to the cause of action, were employed by Defendants, said employment being integral and indispensable to Defendants' business.

15.    Plaintiffs, on a regular basis within the dates of employment referenced above, worked in excess of forty (40) hours in a workweek without pay at a rate of time and one-half for such hours pursuant to the requirements of the federal and state statutes relied upon herein.

16.    Foster was employed by Defendants from approximately September 2015 and July 2020.

17.    Foster was employed a mechanic and performed duties related to motor vehicle servicing and repair (i.e. tire changes, oil changes, etc.), as well as other general labor duties such as cleaning the garages and bays of Defendants' store.

18.    Foster's minimum schedule was the following: 8 a.m. to 6 p.m., Monday through Friday; 8 a.m. to 5 p.m. on Saturday. Foster worked five (5) or six (6) days per

week. At times, Foster would work in excess of his regular, assigned schedule. Further, due to demand, Foster did not always receive or otherwise take a meal break during shifts.

19.    Over the course of Foster's employment with Defendants, he was paid an hourly rate between approximately $11.00 and $13.00.

20.    Mayes was employed by Defendants from approximately September 2016 and March 2019.

21.    Mayes was employed a mechanic and performed duties related to motor vehicle servicing and repair (i.e. tire changes, oil changes, etc.), as well as other general labor duties such as cleaning the garages and bays of Defendants' store.

22.    Mayes' minimum schedule was the following: 8 a.m. to 6 p.m., Monday through Friday; 8 a.m. to 5 p.m. on Saturday. Foster worked five (5) or six (6) days per week. At times, Foster would work in excess of his regular, assigned schedule. Further, due to demand, Foster did not always receive or otherwise take a meal break during shifts.

23.    Over the course of Mayes' employment with Defendants, he was paid an hourly rate between approximately $11.00 and $13.00.

24.    Calhoun was employed by Defendants from approximately May 2016 and March 2020.

25.    Calhoun was employed a mechanic and performed duties related to motor vehicle servicing and repair (i.e. tire changes, oil changes, etc.), as well as other general labor duties such as cleaning the garages and bays of Defendants' store.

26.    Calhoun's minimum schedule was the following: 8 a.m. to 6 p.m., Monday through Friday; 8 a.m. to 5 p.m. on Saturday. Foster worked five (5) or six (6) days per week. At times, Foster would work in excess of his regular, assigned schedule. Further, due to demand, Foster did not always receive or otherwise take a meal break during shifts.

27. Over the course of Calhoun's employment with Defendants, he was paid an hourly rate between approximately $11.00 and $13.00.

28. On a regular basis during the employment of each Plaintiff, Defendants would require that Plaintiffs leave their regular Pit Stop 500 location to perform extra shifts at one of the other three Pit Stop 500 locations. The extra shifts would be assigned for several reasons, such as heavy volume at one location, absence of another employee, etc.

29. These extra shifts would be required on top of the regular, assigned weekly schedules assigned to Plaintiffs and would almost always be full, ten (10) hour shifts.

30. However, when the Plaintiffs worked these extra shifts at the other locations, Plaintiffs were instructed to clock in under different log-in credentials than they would normally use at the location they regularly worked from – typically signing-in under the designation of "TEMP" or under Defendant Proudfoot's log-in – rather than their individual credentials.

31. Because Plaintiffs did not clock these extra shifts under their own credentials, these hours worked did not appear in their bi-monthly pay summaries.

32. When Plaintiffs performed one of these extra shifts, rather than properly include these hours as part of each Plaintiff's total weekly hours in combination with the hours worked and clocked at their regular stores, Defendants practice was to pay each Plaintiff approximately $95 in cash based on an hourly rate of $10.00 per hour for ten (10) hours of work, and a deduction of one half-hour, equal to $5, for a meal break. However, Plaintiffs did not always take a meal break due to the volume of business at Defendants' shops.

33. Plaintiffs estimate that they each worked between two (2) and (5) of these extra shifts per month.

34.     Upon information and belief, Defendants would record these cash wage payments to Plaintiffs as distributions from petty cash or other cash accounts. Defendants did not record these payments as wages.

35.     When including the work hours performed by Plaintiffs through these extra-shifts as described above, Plaintiffs' total hours worked for individual work weeks would almost always exceed 40 hours, therefore invoking the overtime requirements of the FLSA, IMWL and CMWO. To the extent the extra-shift hours exceeded 40 hours in a work week, Plaintiffs should have been paid one and one-half times their hourly rates of pay for such hours.

36.     However, Defendants did not pay these shifts at Plaintiffs' overtime rates of pay. Rather, Defendants paid Plaintiffs less than their regular, agreed straight time rates of pay.

37.     Furthermore, Defendants paid Plaintiffs for these shifts at a rate below the minimum wage required by the Chicago Minimum Wage Ordinance.

38.     The extra-shift practice employed by Defendants enabled them to circumvent the federal, state and local statutes relied upon herein, as the cash wages and "off the books" shifts aided Defendants in avoiding the overtime provisions of the FLSA and IMWL, as well as both the overtime and minimum wage requirements of the CMWO. Further, Defendants' practice decreased the amount taxes paid by Defendants to the United States Treasury and deprived Plaintiffs and members of the Plaintiff Class of contributions to Social Security, Medicare and Medicaid.

39.     Plaintiffs worked in excess for forty (40) hours in many, if not all, workweeks during their employment without pay at a rate of time and one half their regular hourly rates of pay for such hours.

8

40.     The total number of hours worked by Plaintiffs and members of the Plaintiff Class, and therefore the total number of overtime hours for which additional compensation is owed, is information substantially, if not completely, within the control and possession of Defendants, in that Defendants recorded or should have recorded such hours pursuant to the record keeping requirements found Title 29 CFR, Part 516. To the extent Defendants lack the records required by 29 CFR Part 516, Plaintiffs and the Plaintiff class will be capable of providing reasonable estimates of that time, as permitted by law.

41.     The claims brought herein by the named Plaintiffs are identical or similar to the claims of other past and present employees who were subject to the non-compliant policies and practices alleged herein. Those past and present employees are entitled to receive Notice of these proceedings and afforded opportunity to join their individual claims.

42.     The non-compliant practices as alleged herein were part of a variety of practices and policies implemented and maintained by Defendants and are common to a group or "class" of past and present employees. Those past and present employees are entitled to receive Notice of these proceedings and afforded opportunity to join their individual claims.

## COUNT I

## VIOLATION OF FAIR LABOR STANDARDS ACT

1-42.    Paragraphs 1 through 42 are re-alleged and incorporated as though set forth fully herein as paragraphs 1 through 42 of this Count I.

43.     Pursuant to the Fair Labor Standards Act, 29 U.S.C. §201 *et seq* the named Plaintiffs, and all other Plaintiffs similarly situated, known and unknown, are entitled to compensation for all hours worked and compensation at a rate not less than one and one-

half times the regular rate of pay for all hours worked in excess of forty (40) hours, in any week during the two (2) years preceding the filing of this action.

44.     Defendants have at all times relevant hereto failed and refused to pay compensation to its employees, including the named Plaintiffs herein, and all other Plaintiffs similarly situated, known and unknown, as described above.

WHEREFORE, Plaintiffs, on behalf of themselves and all other Plaintiffs similarly situated, known and unknown, respectfully requests this Court to enter an order:

(a)     awarding back pay equal to the amount of all unpaid overtime compensation for the two (2) years preceding the filing of this Complaint, according to the applicable statute of limitations;

(b)     awarding prejudgment interest with respect to the total amount of unpaid overtime compensation;

(c)     awarding Plaintiffs' reasonable attorneys' fees and costs incurred as a result of Defendants' violations of the Fair Labor Standards Act; and,

**(d)**     for such additional relief as the Court deems appropriate under the circumstances.

## COUNT II

## WILLFUL VIOLATION OF THE FAIR LABOR STANDARDS ACT

1-44.     Paragraphs 1 through 44 of Count I are realleged and incorporated as though set forth fully herein as Paragraphs 1 through 44 of Count II.

45.     Defendants' actions as complained of above were done with Defendants' knowledge that the compensation policies and practices at issue were in violation of the statutes alleged, or with a reckless disregard for whether or not the policies and practices were in violation of those statutes. Through legal counsel as well as industry experience and custom, Defendants possessed ample access to the regulations and statutory provisions

relating to the state and federal laws recited herein, but either failed to seek out such information and guidance or did seek out the information and guidance but failed to adhere to the principles of compliance as stated.

46.     Pursuant to the Fair Labor Standards Act, Plaintiffs and all other employees similarly situated, past or present, are entitled to compensation at a rate not less than one and one-half times their regular rate of pay for all hours worked in excess of forty (40), in the three (3) years preceding the filing of this complaint.

WHEREFORE, Plaintiffs, on behalf of themselves and all other Plaintiffs similarly situated, known and unknown, respectfully requests this Court to enter an order:

(a)     awarding back pay equal to the amount of all unpaid compensation for one (1) additional year, totaling three (3) years preceding the filing of this Complaint;

(b)     awarding prejudgment interest with respect to the amount of unpaid overtime compensation;

(c)     awarding Plaintiffs' reasonable attorneys' fees and Court costs incurred as a result of Defendants' violation of the Fair Labor Standards Act; and

(d)     for such additional relief the Court deems appropriate under the circumstances.

## COUNT III

### LIQUIDATED DAMAGES
### UNDER THE FAIR LABOR STANDARDS ACT

1-46.   Paragraphs 1 through 46 of Count II are re-alleged and incorporated as though set forth fully herein as Paragraphs 1 through 46 of Count III.

47.     In denying the named Plaintiffs and members of the Plaintiff Class compensation as described above, Defendants' acts were not based upon good faith or reasonable grounds. Through legal counsel as well as industry experience and custom, Defendants possessed ample access to the regulations and statutory provisions relating to

the state and federal laws recited herein, but either failed to seek out such information and guidance or did seek out the information and guidance but failed to adhere to the principles of compliance as stated.

48.     The named Plaintiffs and all other past and present employees similarly situated, known and unknown, are entitled to liquidated damages equal to the amount of all unpaid compensation, pursuant to 29 U.S.C. §260.

WHEREFORE, Plaintiffs, on behalf of themselves and all other Plaintiffs similarly situated, known and unknown, respectfully requests this Court to enter an order:

(a)     awarding liquidated damages equal to the amount of all unpaid compensation;

(b)     awarding Plaintiff's reasonable attorneys' fees and costs incurred as a result of Defendants' violation of the Fair Labor Standards Act; and

**(c)**     for such additional relief the Court deems appropriate under the circumstances.

## COUNT IV

### SUPPLEMENTAL STATE LAW CLAIM
### VIOLATION OF THE ILLINOIS MINIMUM WAGE LAW

1-48.     Paragraphs 1 through 48 of Count III are re-alleged and incorporated as though set forth fully herein as Paragraphs 1 through 48 of this Count IV.

49.      As described in the foregoing paragraphs, Defendant's compensation policies and practices are in violation of the Illinois Minimum Wage Law, 820 ILCS §115/1 *et seq.*

50.     The Illinois Minimum Wage Law provides that an employer who fails to pay the required amount of wages due an employee under the law shall be liable to the underpaid employee or employees for a)  the unpaid wages from and, for such underpayments that occurred prior to January 1, 2020, an additional penalty in the amount of 2% of the underpayments for each month following the date such underpayments remain

unpaid and b) for such underpayments that occurred January 1, 2020 and later, treble the amount of such unpaid wages and an additional penalty in the amount of 5% of the amount of such underpayments for each month following the date such underpayments remain unpaid. 820 ILCS §115/12.

51. Defendants' failure to pay compensation as described above, has been willful and/or in bad faith.

52. Plaintiffs seek certification of the Illinois Minimum Wage Law violations alleged herein pursuant to Federal Rule of Civil Procedure 23.

WHEREFORE, Plaintiffs, on behalf of themselves and all other Plaintiffs similarly situated, known and unknown, respectfully requests this Court to enter an order:

(a)    declaring and decreeing Defendants' compensation practices as described herein, and such other violations which may come to light during the prosecution of this matter, in violation of the provisions of the Illinois Minimum Wage Law;

(b)    awarding an amount of damages, to be shown by the evidence, to which Plaintiffs and other members of the Plaintiff Class are entitled;

(c)    allowing this Court to retain jurisdiction of the case until such time it is assured Defendants have remedied the compensation policies and practices complained of herein and are determined to be in full compliance with the law;

(d)    directing Defendants to pay to Plaintiffs' reasonable attorneys' fees, costs, and litigation expenses, as provided by statute;

## COUNT V

### SUPPLEMENTAL MUNICIPAL CLAIM
### VIOLATION OF THE CHICAGO MINIMUM WAGE ORDINANCE

1-52. Paragraphs 1 through 52 of Count IV are re-alleged and incorporated as though set forth fully herein as Paragraphs 1 through 52 of this Count V.

53. Plaintiffs were each an "employee" under the CMWO§ 1-24-10 of the Municipal Code of Chicago and was not exempt from the overtime wage provisions of the CMWO § 1-24-050.

54.     Defendants were each an "employer" as defined in the CMWO§ 1-24-10.

55.     Under § 1-24-040, for all weeks during which Plaintiffs worked more than forty (40) hours, they were entitled to be compensated at a rate of one and one-half times their regular hourly rates of pay.

56.     Defendants' failure and refusal to pay such wages for hours worked in excess of 40 per week was a violation of the maximum hour provisions of the § 1-24-040.

WHEREFORE, Plaintiffs, on behalf of themselves and all other Plaintiffs similarly situated, known and unknown, respectfully requests this Court to enter an order awarding:

(a)     Judgment in the amount of unpaid overtime compensation found due at the rate of one and one-half times Plaintiffs' regular hourly rate of pay for all hours which Plaintiffs worked in excess of forty (40) hours per week;

(b)     Statutory interest damages in the amount of three times the amount of unpaid overtime;

(c).     Reasonable attorneys' fees and costs incurred in filing and prosecuting this action; and

(d)     for such additional relief the Court deems just and appropriate under the circumstances.

Respectfully submitted,

*Electronically Filed 09/11/2020*

_____

John William Billhorn

BILLHORN LAW FIRM
53 West Jackson Blvd., Suite 401
Chicago, IL 60604
(312) 853-1450

Attorney for Plaintiffs, and all other Plaintiffs similarly situated, known or unknown.