# SETTLEMENT AGREEMENT AND MUTUAL GENERAL RELEASE

This Settlement Agreement and Mutual General Release (hereinafter "Agreement") is entered into by and between **Amondou Foster** (hereinafter referred to as "Plaintiff"), and Western Petroleum Express Inc., d/b/a Speedway Lube Express and Pit Stop 500, Petroleum Products Inc., d/b/a Pit Stop 500 and Jason Proudfoot, each of their predecessors, successors, and all of their present and former shareholders, officers, directors, employees, agents, representatives and assigns (together "Defendants" or "Pit Stop 500") (Plaintiff and Defendants referred to collectively as the "Parties").

WHEREAS, the Parties hereto are and have been parties to a lawsuit pending before the United States District Court for the Northern District of Illinois, Eastern Division, known as *Foster et al v. Western Petroleum Express Inc., d/b/a Speedway Lube Express and Pit Stop 500 et al.,* Case No. 20-cv-5402 (hereinafter referred to as the "Lawsuit"); and

WHEREAS, the Parties have agreed to compromise the Lawsuit, and all other disputes between them in order to avoid the expense, inconvenience and delay of further litigation;

IT IS HEREBY AGREED AS FOLLOWS:

1.    **Waiver and General Release by Foster:** Except for breaches of this Agreement, Plaintiff does hereby irrevocably waive, release and discharge the Defendants from any and all claims, demands, damages, grievances, causes of action or suits, including claims for attorneys' fees, that he might have or that she has had arising from, growing out of or in any way connected with, directly or indirectly, any employment decision made by the Defendants up to and including the date of this Agreement including, but not limited to, the employment matters referenced in the Lawsuit. Plaintiff acknowledges and agrees that any right to relief which he sought in the Lawsuit shall be satisfied upon his execution of this Agreement, and that this Agreement resolves and subsumes any and all claims based on any conduct by the Defendants through the date of this Agreement including, but not limited to, any and all claims arising under the Fair Labor Standards Act, 29 U;.S.C. §201 et seq., the Illinois Minimum Wage Law, 820 ILCS §105/1 et seq. and the Chicago Minimum Wage Ordinance, § 6-105-040 of the Municipal Code of Chicago, including any claims for attorneys' fees and costs thereunder, and any claims or causes of action that Plaintiff has had or may have had regarding any wrongful or retaliatory discharge, breach of express or implied contract, breach of covenant, libel, slander, defamation, intentional or negligent infliction of emotional distress, or any other alleged wrongdoing or illegality which are related in any way, directly or indirectly, to the claims, events, transaction or occurrence addressed in the Lawsuit identified herein.

2.    **Waiver and General Release by Defendants:** Except for breaches of this Agreement, Defendants hereby irrevocably waive, release and discharge Plaintiff from any and all claims, demands, sums of money, express of implied contract, breach of covenant, damages, grievances, libel, slander, defamation, fraud, intentional or negligent infliction of emotional distress, causes of action or suits, including claims for attorneys' fees, or any other alleged wrongdoing or illegality that they might have or that they have had arising from, growing out of or in any way connected with, directly or indirectly, to the claims, events, transaction or occurrence addressed

DocuSign Envelope ID: 80B3F268-0A1B-4AD9-8877-2B6E2717B36E

in the Lawsuit identified herein, including the employment of Plaintiff by Defendants, up to and including the date of this Agreement.

3. **Dismissal of Lawsuit:** Plaintiff and his attorneys shall be responsible for dismissing and shall dismiss the Lawsuit, first without prejudice at the time the District Court enters an order approving this Agreement. Plaintiff shall then, within 30 days after all payments described in Section 8 have been made by Defendants, dismiss the case with prejudice in the event the District Court does not do so on its own.

4. **Mutual Covenant Not to Sue:** Parties further warrant that, other than the Lawsuit, they have not filed or initiated any claims of any type against the other Party with any court, governmental or administrative agency. Parties further warrant that they will not do so in the future, directly or indirectly, based in whole or in part upon events occurring prior to the date of this Agreement. Parties specifically waive the right to receive any benefits or remedial relief as a consequence of any charge filed with any such agency other than that relief specified in this Agreement.

5. **Mutual Non-Disclosure:** The Parties agree not to discuss or disclose the terms and provisions of this Agreement to any person other than a spouse, attorneys, insurers, financial advisor, tax advisor and state and federal taxing authorities, unless legally required, without the other Party's prior express written consent. Parties agree that if asked about this Lawsuit, each will respond only that "the matter has been resolved, or to that effect."

6. **Neutral Job Reference:** If in the future any prospective employer requests a job reference for Plaintiff, Defendants agree to provide a neutral job reference. All inquiries related to Plaintiff's employment with Defendants will be directed to Defendant Jason Proudfoot or Defendants' Director of Human Resources, or equivalent. Defendants, by and through their designated representative will provide, if requested, only the starting and ending dates that Plaintiff worked for Defendants and job title(s), as requested by the person or entity seeking said employment reference. Defendants agree that in any such communication with any third-party, including any prospective employer inquiring with Defendants about Plaintiff, Defendants, specifically by and through their designated representative, shall make no reference to the existence of this lawsuit or suggest by innuendo or otherwise that Plaintiff sued Defendants. Defendants, by and through their designated representative, agree that they will not release any information or records pertaining to Plaintiff's disciplinary history to any third party unless expressly authorized to do so pursuant to a valid subpoena or other court order, or the express written permission of Plaintiff.

7. **Mutual Non-Disparagement:** At no time shall Plaintiff (i) make any statements, or take any other actions whatsoever, to disparage, defame, sully or compromise the goodwill, name, brand or reputation of Defendants or their business, trade or occupation or (ii) commit any other action that could likely injure, hinder or interfere with the business, business relationships, livelihood, reputation or goodwill of Defendants. Defendants, Defendants' owners, and Defendants' designated representative(s) shall not make any statements, or take any other actions whatsoever, to disparage, defame, sully or compromise the goodwill, name, brand or

reputation of Plaintiff or his business, trade or occupation or (ii) commit any other action that could likely injure, hinder or interfere with the business, business relationships, livelihood, reputation or goodwill of Plaintiff.

8. **Payment:**

In consideration of the promises made in this Agreement, as outlined in this section, the Defendants agree to pay to all Plaintiff the aggregate sum of $23,314.50 by certified check within twenty-one (21) days of the District Court's approval of this Agreement. Of this aggregate sum, $7,771.50 shall be considered wages for which Defendants shall issue a 2022 Form W2. The remaining amount, or $15,543.00, will be paid with no withholdings taken. Defendants shall issue Plaintiff a 2022 Form 1099. Plaintiff will provide Defendants with a Form W4 and Form W9 before payments are made. Defendants shall issue the tax documents at such time as such forms are issued by Defendants' accounting firm.

Defendants further agrees to pay to Plaintiffs' attorneys, Billhorn Law Firm, a total aggregate amount of $75,736.25 by certified check as attorneys' fees and costs relative to all Plaintiffs in the Lawsuit within twenty-one (21) days of the District Court's approval of this Agreement. Plaintiff's pro-rata share of attorneys' fees and costs being paid by Defendants is $12,869.10. Defendants will issue to the Billhorn Law Firm an IRS Form 1099 for the entire aggregate attorneys' fees. The attorneys' fee payments shall be designated for attorneys' fees and costs on the Form 1099 at such time as such forms are issued by Defendants' accounting firm. The Billhorn Law Firm will provide Defendants a W-9 before the payments are made.

Plaintiff acknowledges and agrees that the sum of the Plaintiff Proceeds and the Billhorn Law Firm attorneys' fees constitute all monies payable to Plaintiff and her attorneys by Defendant for the release of claims recited in this Agreement.

The aggregate attorneys' fees and costs for all Plaintiffs will be paid in a single installment, via separate checks within twenty-one (21) business days of the District Court's approval of this Agreement. Defendants shall provide all monies due to Plaintiff and Plaintiff's attorneys under this Section by certified checks. Defendants shall have no further obligation for payment of any attorneys' fees for any Plaintiff in the Lawsuit beyond the aggregate attorneys' fees and costs of $75,736.25, inclusive of Plaintiff's pro-rata share described above.

Payments by Defendants of Plaintiffs' compensation and Billhorn Law Firm's attorneys' fees shall be delivered to the office of Billhorn Law Firm located at 53 W. Jackson Blvd., Suite 1137 Chicago, IL 60604 by United Parcel Service or Federal Express according to the terms herein as described in this Section. Defendants agrees to provide the Tracking Number attributed to each mailing to Plaintiffs' counsel via email within one (1) business day after said mailings are sent. Alternatively, and by mutual agreement by the Parties, the settlement funds may be transmitted to Billhorn Law Firm via wire transfer.

DocuSign Envelope ID: 60B3F268-0A1B-4AD9-8877-2B6E2717B36E

9.      **No Liability:** Nothing contained herein, nor the consummation of this Settlement Agreement, is to be construed as or deemed an admission of liability, culpability, negligence or wrongdoing on the part of Defendants.  The Parties further agree that the Settlement Agreement, the fact of this settlement, any of the terms in the Settlement Agreement, and any documents filed in support of the settlement  shall not constitute, or be offered, received, claimed, construed, or deemed as, an admission, finding or evidence of: (i) any wrongdoing, (ii) any violation of any statute or law, (iii) any liability on the claims or allegations in the Lawsuit on the part of the Defendants, or (iv) the propriety of certifying a class in any other lawsuit, arbitration or other proceeding.  Defendants have denied and continue to deny any liability, wrongdoing, or legal violations of any kind related to the claims and contentions asserted in the Lawsuit, have asserted a multitude of defenses to the Lawsuit, and have denied that any injuries or damages exist.  Defendants submit that it has complied with all applicable laws at all times.

10.     **Acknowledgments:** Plaintiff acknowledges that he (1) is, has been and continues to be represented by an attorney, (2) has had sufficient and reasonable time to consult with his attorney before signing below, (3) has read this Agreement and has full knowledge of its meaning and consequences, and (4) is voluntarily, freely and willingly entering into this Agreement by signing below. Plaintiff further attests that no other promises or inducements have been offered for this Agreement, other than those set forth above, and that she is legally competent to execute this Agreement and accepts full responsibility for it.

11.     **Tax Responsibility:**  The Parties shall be responsible for complying with and otherwise satisfying their own tax obligations arising out of this Agreement.

12.     **Entire Agreement:** The terms of this Agreement constitute the entire agreement between the Defendants and Plaintiff, and this Agreement supersedes any prior agreement executed between the Defendants and Plaintiff to the extent that the prior agreement is inconsistent with this Agreement.

13.     **Severability:** The terms and provisions of this Agreement shall be deemed separable, so that if any term or provision is deemed to be invalid or unenforceable, such term or provision shall be deemed deleted or modified so as to permit the remaining portions of this Agreement to be valid and enforceable to the full extent permitted by applicable law.

14.     **Governing Law:** Parties agree and acknowledge that this Agreement shall be interpreted, construed and enforced under the laws of the State of Illinois.

15.     **No Assignment of Interests:** Plaintiff warrants that none of her interest in the Lawsuit, have been assigned or otherwise given to any other person or entity.

16.     **Successors and Assigns:** Parties acknowledge and agree that the terms of this Agreement shall inure to the benefit of and may be enforced by the parties to this Agreement.  Parties further acknowledge that this Agreement shall be binding upon Plaintiff, his heirs, agents, representatives, executors and administrators, and also upon the Defendants, their affiliated companies, predecessors, successors, and all of their present, future and former

4

shareholders, officers, directors, employees, agents, representatives and assigns. Parties further acknowledge that this Agreement may not be amended, in whole or in part, except in writing signed by Plaintiff and a duly authorized employee or officer of the Defendants.

17.     **Counterparts:** This Agreement may be executed in counterparts each of which shall be deemed to be an original, but all of which together shall constitute one Agreement. The Parties agree that electronic signatures will be accepted as originals.

WHEREFORE, the Parties hereto have affixed their signatures below.

## SIGNATURES FOLLOW ON NEXT PAGE

DocuSign Envelope ID: 60B3F268-0A1B-4AD9-8877-2B6E2717B36E

Amondou Foster

Signature: _____

Print: Amondou Foster
_____

Date: 7/20/2022
_____

Western Petroleum Express Inc., d/b/a Speedway Lube Express and Pit Stop 500

Signature: _____

Print: _____

Date: _____

Petroleum Products Inc., d/b/a Pit Stop 500

Signature: _____

Print: _____

Date: _____

Jason Proudfoot, Individually

Signature: _____

Print: _____

Date: _____

**END OF DOCUMENT**

<u>**SETTLEMENT AGREEMENT AND MUTUAL GENERAL RELEASE**</u>

This Settlement Agreement and Mutual General Release (hereinafter "Agreement") is entered into by and between **Brandon Riley** (hereinafter referred to as "Plaintiff"), and Western Petroleum Express Inc., d/b/a Speedway Lube Express and Pit Stop 500, Petroleum Products Inc., d/b/a Pit Stop 500 and Jason Proudfoot, each of their predecessors, successors, and all of their present and former shareholders, officers, directors, employees, agents, representatives and assigns (together "Defendants" or "Pit Stop 500") (Plaintiff and Defendants referred to collectively as the "Parties").

WHEREAS, the Parties hereto are and have been parties to a lawsuit pending before the United States District Court for the Northern District of Illinois, Eastern Division, known as *Foster et al v. Western Petroleum Express Inc., d/b/a Speedway Lube Express and Pit Stop 500 et al.,* Case No. 20-cv-5402 (hereinafter referred to as the "Lawsuit"); and

WHEREAS, the Parties have agreed to compromise the Lawsuit, and all other disputes between them in order to avoid the expense, inconvenience and delay of further litigation;

IT IS HEREBY AGREED AS FOLLOWS:

1.      <u>**Waiver and General Release by Foster:**</u> Except for breaches of this Agreement, Plaintiff does hereby irrevocably waive, release and discharge the Defendants from any and all claims, demands, damages, grievances, causes of action or suits, including claims for attorneys' fees, that he might have or that she has had arising from, growing out of or in any way connected with, directly or indirectly, any employment decision made by the Defendants up to and including the date of this Agreement including, but not limited to, the employment matters referenced in the Lawsuit. Plaintiff acknowledges and agrees that any right to relief which he sought in the Lawsuit shall be satisfied upon his execution of this Agreement, and that this Agreement resolves and subsumes any and all claims based on any conduct by the Defendants through the date of this Agreement including, but not limited to, any and all claims arising under the Fair Labor Standards Act, 29 U;.S.C. §201 et seq., the Illinois Minimum Wage Law, 820 ILCS §105/1 et seq. and the Chicago Minimum Wage Ordinance, § 6-105-040 of the Municipal Code of Chicago, including any claims for attorneys' fees and costs thereunder, and any claims or causes of action that Plaintiff has had or may have had regarding any wrongful or retaliatory discharge, breach of express or implied contract, breach of covenant, libel, slander, defamation, intentional or negligent infliction of emotional distress, or any other alleged wrongdoing or illegality which are related in any way, directly or indirectly, to the claims, events, transaction or occurrence addressed in the Lawsuit identified herein.

2.      <u>**Waiver and General Release by Defendants:**</u> Except for breaches of this Agreement, Defendants hereby irrevocably waive, release and discharge Plaintiff from any and all claims, demands, sums of money, express of implied contract, breach of covenant, damages, grievances, libel, slander, defamation, fraud, intentional or negligent infliction of emotional distress, causes of action or suits, including claims for attorneys' fees, or any other alleged wrongdoing or illegality that they might have or that they have had arising from, growing out of or in any way connected with, directly or indirectly, to the claims, events, transaction or occurrence addressed

1

in the Lawsuit identified herein, including the employment of Plaintiff by Defendants, up to and
including the date of this Agreement.

3.     **Dismissal of Lawsuit:** Plaintiff and his attorneys shall be responsible for dismissing and
shall dismiss the Lawsuit, first without prejudice at the time the District Court enters an order
approving this Agreement. Plaintiff shall then, within 30 days after all payments described in
Section 8 have been made by Defendants, dismiss the case with prejudice in the event the District
Court does not do so on its own.

4.     **Mutual Covenant Not to Sue:** Parties further warrant that, other than the Lawsuit, they
have not filed or initiated any claims of any type against the other Party with any court,
governmental or administrative agency. Parties further warrant that they will not do so in the
future, directly or indirectly, based in whole or in part upon events occurring prior to the
date of this Agreement. Parties specifically waive the right to receive any benefits or remedial
relief as a consequence of any charge filed with any such agency other than that relief specified
in this Agreement.

5.     **Mutual Non-Disclosure:** The Parties agree not to discuss or disclose the terms and
provisions of this Agreement to any person other than a spouse, attorneys, insurers, financial
advisor, tax advisor and state and federal taxing authorities, unless legally required, without the
other Party's prior express written consent. Parties agree that if asked about this Lawsuit, each
will respond only that "the matter has been resolved, or to that effect."

6.     **Neutral Job Reference:** If in the future any prospective employer requests a job
reference for Plaintiff, Defendants agree to provide a neutral job reference. All inquiries related
to Plaintiff's employment with Defendants will be directed to Defendant Jason Proudfoot or
Defendants' Director of Human Resources, or equivalent. Defendants, by and through their
designated representative will provide, if requested, only the starting and ending dates that
Plaintiff worked for Defendants and job title(s), as requested by the person or entity seeking said
employment reference. Defendants agree that in any such communication with any third-party,
including any prospective employer inquiring with Defendants about Plaintiff, Defendants,
specifically by and through their designated representative, shall make no reference to the
existence of this lawsuit or suggest by innuendo or otherwise that Plaintiff sued Defendants.
Defendants, by and through their designated representative, agree that they will not release any
information or records pertaining to Plaintiff's disciplinary history to any third party unless
expressly authorized to do so pursuant to a valid subpoena or other court order, or the express
written permission of Plaintiff.

7.     **Mutual Non-Disparagement:** At no time shall Plaintiff (i) make any statements, or
take any other actions whatsoever, to disparage, defame, sully or compromise the goodwill,
name, brand or reputation of Defendants or their business, trade or occupation or (ii) commit any
other action that could likely injure, hinder or interfere with the business, business relationships,
livelihood, reputation or goodwill of Defendants. Defendants, Defendants' owners, and
Defendants' designated representative(s) shall not make any statements, or take any other
actions whatsoever, to disparage, defame, sully or compromise the goodwill, name, brand or

reputation of Plaintiff or his business, trade or occupation or (ii) commit any other action that could likely injure, hinder or interfere with the business, business relationships, livelihood, reputation or goodwill of Plaintiff.

8. **Payment:**

      In consideration of the promises made in this Agreement, as outlined in this section, the Defendants agree to pay to all Plaintiff the aggregate sum of $6,227.25 by certified check within twenty-one (21) days of the District Court's approval of this Agreement. Of this aggregate sum, $2,075.75 shall be considered wages for which Defendants shall issue a 2022 Form W2. The remaining amount, or $4,151.50, will be paid with no withholdings taken. Defendants shall issue Plaintiff a 2022 Form 1099. Plaintiff will provide Defendants with a Form W4 and Form W9 before payments are made. Defendants shall issue the tax documents at such time as such forms are issued by Defendants' accounting firm.

      Defendants further agrees to pay to Plaintiffs' attorneys, Billhorn Law Firm, a total aggregate amount of $75,736.25 by certified check as attorneys' fees and costs relative to all Plaintiffs in the Lawsuit within twenty-one (21) days of the District Court's approval of this Agreement. Plaintiff's pro-rata share of attorneys' fees and costs being paid by Defendants is $3,437.31. Defendants will issue to the Billhorn Law Firm an IRS Form 1099 for the entire aggregate attorneys' fees. The attorneys' fee payments shall be designated for attorneys' fees and costs on the Form 1099 at such time as such forms are issued by Defendants' accounting firm. The Billhorn Law Firm will provide Defendants a W-9 before the payments are made.

      Plaintiff acknowledges and agrees that the sum of the Plaintiff Proceeds and the Billhorn Law Firm attorneys' fees constitute all monies payable to Plaintiff and her attorneys by Defendant for the release of claims recited in this Agreement.

      The aggregate attorneys' fees and costs for all Plaintiffs will be paid in a single installment, via separate checks within twenty-one (21) business days of the District Court's approval of this Agreement. Defendants shall provide all monies due to Plaintiff and Plaintiff's attorneys under this Section by certified checks. Defendants shall have no further obligation for payment of any attorneys' fees for any Plaintiff in the Lawsuit beyond the aggregate attorneys' fees and costs of $75,736.25, inclusive of Plaintiff's pro-rata share described above.

      Payments by Defendants of Plaintiffs' compensation and Billhorn Law Firm's attorneys' fees shall be delivered to the office of Billhorn Law Firm located at 53 W. Jackson Blvd., Suite 1137 Chicago, IL 60604 by United Parcel Service or Federal Express according to the terms herein as described in this Section. Defendants agrees to provide the Tracking Number attributed to each mailing to Plaintiffs' counsel via email within one (1) business day after said mailings are sent. Alternatively, and by mutual agreement by the Parties, the settlement funds may be transmitted to Billhorn Law Firm via wire transfer.

DocuSign Envelope ID: 29A92576-3AEC-4C7A-BB9C-8D7895678BC5

9.      **No Liability:** Nothing contained herein, nor the consummation of this Settlement Agreement, is to be construed as or deemed an admission of liability, culpability, negligence or wrongdoing on the part of Defendants.  The Parties further agree that the Settlement Agreement, the fact of this settlement, any of the terms in the Settlement Agreement, and any documents filed in support of the settlement  shall not constitute, or be offered, received, claimed, construed, or deemed as, an admission, finding or evidence of: (i) any wrongdoing, (ii) any violation of any statute or law, (iii) any liability on the claims or allegations in the Lawsuit on the part of the Defendants, or (iv) the propriety of certifying a class in any other lawsuit, arbitration or other proceeding.  Defendants have denied and continue to deny any liability, wrongdoing, or legal violations of any kind related to the claims and contentions asserted in the Lawsuit, have asserted a multitude of defenses to the Lawsuit, and have denied that any injuries or damages exist.  Defendants submit that it has complied with all applicable laws at all times.

10.      **Acknowledgments:** Plaintiff acknowledges that he (1) is, has been and continues to be represented by an attorney, (2) has had sufficient and reasonable time to consult with his attorney before signing below, (3) has read this Agreement and has full knowledge of its meaning and consequences, and (4) is voluntarily, freely and willingly entering into this Agreement by signing below. Plaintiff further attests that no other promises or inducements have been offered for this Agreement, other than those set forth above, and that she is legally competent to execute this Agreement and accepts full responsibility for it.

11.      **Tax Responsibility:**  The Parties shall be responsible for complying with and otherwise satisfying their own tax obligations arising out of this Agreement.

12.      **Entire Agreement:** The terms of this Agreement constitute the entire agreement between the Defendants and Plaintiff, and this Agreement supersedes any prior agreement executed between the Defendants and Plaintiff to the extent that the prior agreement is inconsistent with this Agreement.

13.      **Severability:** The terms and provisions of this Agreement shall be deemed separable, so that if any term or provision is deemed to be invalid or unenforceable, such term or provision shall be deemed deleted or modified so as to permit the remaining portions of this Agreement to be valid and enforceable to the full extent permitted by applicable law.

14.      **Governing Law:** Parties agree and acknowledge that this Agreement shall be interpreted, construed and enforced under the laws of the State of Illinois.

15.      **No Assignment of Interests:** Plaintiff warrants that none of her interest in the Lawsuit, have been assigned or otherwise given to any other person or entity.

16.       **Successors and Assigns:** Parties acknowledge and agree that the terms of this Agreement shall inure to the benefit of and may be enforced by the parties to this Agreement.  Parties further acknowledge that this Agreement shall be binding upon Plaintiff, his heirs, agents, representatives, executors and administrators, and also upon the Defendants, their affiliated companies, predecessors, successors, and all of their present, future and former

shareholders, officers, directors, employees, agents, representatives and assigns. Parties further acknowledge that this Agreement may not be amended, in whole or in part, except in writing signed by Plaintiff and a duly authorized employee or officer of the Defendants.

17.     **Counterparts:**  This Agreement may be executed in counterparts each of which shall be deemed to be an original, but all of which together shall constitute one Agreement. The Parties agree that electronic signatures will be accepted as originals.

WHEREFORE, the Parties hereto have affixed their signatures below.

**<u>SIGNATURES FOLLOW ON NEXT PAGE</u>**

Brandon Riley

Signature: _Brandon Riley_____

Print: _Brandon Riley_____

Date: _7/20/2022_____

Western Petroleum Express Inc., d/b/a Speedway Lube Express and Pit Stop 500

Signature: _____

Print: _____

Date: _____

Petroleum Products Inc., d/b/a Pit Stop 500

Signature: _____

Print: _____

Date: _____

Jason Proudfoot, Individually

Signature: _____

Print: _____

Date: _____

**END OF DOCUMENT**

## SETTLEMENT AGREEMENT AND MUTUAL GENERAL RELEASE

This Settlement Agreement and Mutual General Release (hereinafter "Agreement") is entered into by and between **Denell Wright** (hereinafter referred to as "Plaintiff"), and Western Petroleum Express Inc., d/b/a Speedway Lube Express and Pit Stop 500, Petroleum Products Inc., d/b/a Pit Stop 500 and Jason Proudfoot, each of their predecessors, successors, and all of their present and former shareholders, officers, directors, employees, agents, representatives and assigns (together "Defendants" or "Pit Stop 500") (Plaintiff and Defendants referred to collectively as the "Parties").

WHEREAS, the Parties hereto are and have been parties to a lawsuit pending before the United States District Court for the Northern District of Illinois, Eastern Division, known as *Foster et al v. Western Petroleum Express Inc., d/b/a Speedway Lube Express and Pit Stop 500 et al.,* Case No. 20-cv-5402 (hereinafter referred to as the "Lawsuit"); and

WHEREAS, the Parties have agreed to compromise the Lawsuit, and all other disputes between them in order to avoid the expense, inconvenience and delay of further litigation;

IT IS HEREBY AGREED AS FOLLOWS:

1. **Waiver and General Release by Foster**: Except for breaches of this Agreement, Plaintiff does hereby irrevocably waive, release and discharge the Defendants from any and all claims, demands, damages, grievances, causes of action or suits, including claims for attorneys' fees, that he might have or that she has had arising from, growing out of or in any way connected with, directly or indirectly, any employment decision made by the Defendants up to and including the date of this Agreement including, but not limited to, the employment matters referenced in the Lawsuit. Plaintiff acknowledges and agrees that any right to relief which he sought in the Lawsuit shall be satisfied upon his execution of this Agreement, and that this Agreement resolves and subsumes any and all claims based on any conduct by the Defendants through the date of this Agreement including, but not limited to, any and all claims arising under the Fair Labor Standards Act, 29 U;.S.C. §201 et seq., the Illinois Minimum Wage Law, 820 ILCS §105/1 et seq. and the Chicago Minimum Wage Ordinance, § 6-105-040 of the Municipal Code of Chicago, including any claims for attorneys' fees and costs thereunder, and any claims or causes of action that Plaintiff has had or may have had regarding any wrongful or retaliatory discharge, breach of express or implied contract, breach of covenant, libel, slander, defamation, intentional or negligent infliction of emotional distress, or any other alleged wrongdoing or illegality which are related in any way, directly or indirectly, to the claims, events, transaction or occurrence addressed in the Lawsuit identified herein.

2. **Waiver and General Release by Defendants**: Except for breaches of this Agreement, Defendants hereby irrevocably waive, release and discharge Plaintiff from any and all claims, demands, sums of money, express of implied contract, breach of covenant, damages, grievances, libel, slander, defamation, fraud, intentional or negligent infliction of emotional distress, causes of action or suits, including claims for attorneys' fees, or any other alleged wrongdoing or illegality that they might have or that they have had arising from, growing out of or in any way connected with, directly or indirectly, to the claims, events, transaction or occurrence addressed

1

DocuSign Envelope ID: C4340697-D8C7-465D-95F5-2958D26A79CF

in the Lawsuit identified herein, including the employment of Plaintiff by Defendants, up to and including the date of this Agreement.

3.     **Dismissal of Lawsuit:** Plaintiff and his attorneys shall be responsible for dismissing and shall dismiss the Lawsuit, first without prejudice at the time the District Court enters an order approving this Agreement. Plaintiff shall then, within 30 days after all payments described in Section 8 have been made by Defendants, dismiss the case with prejudice in the event the District Court does not do so on its own.

4.     **Mutual Covenant Not to Sue:** Parties further warrant that, other than the Lawsuit, they have not filed or initiated any claims of any type against the other Party with any court, governmental or administrative agency. Parties further warrant that they will not do so in the future, directly or indirectly, based in whole or in part upon events occurring prior to the date of this Agreement. Parties specifically waive the right to receive any benefits or remedial relief as a consequence of any charge filed with any such agency other than that relief specified in this Agreement.

5.     **Mutual Non-Disclosure:** The Parties agree not to discuss or disclose the terms and provisions of this Agreement to any person other than a spouse, attorneys, insurers, financial advisor, tax advisor and state and federal taxing authorities, unless legally required, without the other Party's prior express written consent. Parties agree that if asked about this Lawsuit, each will respond only that "the matter has been resolved, or to that effect.

6.     **Neutral Job Reference:** If in the future any prospective employer requests a job reference for Plaintiff, Defendants agree to provide a neutral job reference. All inquiries related to Plaintiff's employment with Defendants will be directed to Defendant Jason Proudfoot or Defendants' Director of Human Resources, or equivalent. Defendants, by and through their designated representative will provide, if requested, only the starting and ending dates that Plaintiff worked for Defendants and job title(s), as requested by the person or entity seeking said employment reference. Defendants agree that in any such communication with any third-party, including any prospective employer inquiring with Defendants about Plaintiff, Defendants, specifically by and through their designated representative, shall make no reference to the existence of this lawsuit or suggest by innuendo or otherwise that Plaintiff sued Defendants. Defendants, by and through their designated representative, agree that they will not release any information or records pertaining to Plaintiff's disciplinary history to any third party unless expressly authorized to do so pursuant to a valid subpoena or other court order, or the express written permission of Plaintiff.

7.     **Mutual Non-Disparagement:** At no time shall Plaintiff (i) make any statements, or take any other actions whatsoever, to disparage, defame, sully or compromise the goodwill, name, brand or reputation of Defendants or their business, trade or occupation or (ii) commit any other action that could likely injure, hinder or interfere with the business, business relationships, livelihood, reputation or goodwill of Defendants. Defendants, Defendants' owners, and Defendants' designated representative(s) shall not make any statements, or take any other actions whatsoever, to disparage, defame, sully or compromise the goodwill, name, brand or

reputation of Plaintiff or his business, trade or occupation or (ii) commit any other action that could likely injure, hinder or interfere with the business, business relationships, livelihood, reputation or goodwill of Plaintiff.

8.    **Payment:**

In consideration of the promises made in this Agreement, as outlined in this section, the Defendants agree to pay to all Plaintiff the aggregate sum of $371.25 by certified check within twenty-one (21) days of the District Court's approval of this Agreement. Of this aggregate sum, $123.75 shall be considered wages for which Defendants shall issue a 2022 Form W2. The remaining amount, or $247.50, will be paid with no withholdings taken. Defendants shall issue Plaintiff a 2022 Form 1099. Plaintiff will provide Defendants with a Form W4 and Form W9 before payments are made. Defendants shall issue the tax documents at such time as such forms are issued by Defendants' accounting firm.

Defendants further agrees to pay to Plaintiffs' attorneys, Billhorn Law Firm, a total aggregate amount of $75,736.25 by certified check as attorneys' fees and costs relative to all Plaintiffs in the Lawsuit within twenty-one (21) days of the District Court's approval of this Agreement. Plaintiff's pro-rata share of attorneys' fees and costs being paid by Defendants is $204.92. Defendants will issue to the Billhorn Law Firm an IRS Form 1099 for the entire aggregate attorneys' fees. The attorneys' fee payments shall be designated for attorneys' fees and costs on the Form 1099 at such time as such forms are issued by Defendants' accounting firm. The Billhorn Law Firm will provide Defendants a W-9 before the payments are made.

Plaintiff acknowledges and agrees that the sum of the Plaintiff Proceeds and the Billhorn Law Firm attorneys' fees constitute all monies payable to Plaintiff and her attorneys by Defendant for the release of claims recited in this Agreement.

The aggregate attorneys' fees and costs for all Plaintiffs will be paid in a single installment, via separate checks within twenty-one (21) business days of the District Court's approval of this Agreement. Defendants shall provide all monies due to Plaintiff and Plaintiff's attorneys under this Section by certified checks. Defendants shall have no further obligation for payment of any attorneys' fees for any Plaintiff in the Lawsuit beyond the aggregate attorneys' fees and costs of $75,736.25, inclusive of Plaintiff's pro-rata share described above.

Payments by Defendants of Plaintiffs' compensation and Billhorn Law Firm's attorneys' fees shall be delivered to the office of Billhorn Law Firm located at 53 W. Jackson Blvd., Suite 1137 Chicago, IL 60604 by United Parcel Service or Federal Express according to the terms herein as described in this Section. Defendants agrees to provide the Tracking Number attributed to each mailing to Plaintiffs' counsel via email within one (1) business day after said mailings are sent. Alternatively, and by mutual agreement by the Parties, the settlement funds may be transmitted to Billhorn Law Firm via wire transfer.

9.      **No Liability:** Nothing contained herein, nor the consummation of this Settlement Agreement, is to be construed as or deemed an admission of liability, culpability, negligence or wrongdoing on the part of Defendants.  The Parties further agree that the Settlement Agreement, the fact of this settlement, any of the terms in the Settlement Agreement, and any documents filed in support of the settlement  shall not constitute, or be offered, received, claimed, construed, or deemed as, an admission, finding or evidence of: (i) any wrongdoing, (ii) any violation of any statute or law, (iii) any liability on the claims or allegations in the Lawsuit on the part of the Defendants, or (iv) the propriety of certifying a class in any other lawsuit, arbitration or other proceeding.  Defendants have denied and continue to deny any liability, wrongdoing, or legal violations of any kind related to the claims and contentions asserted in the Lawsuit, have asserted a multitude of defenses to the Lawsuit, and have denied that any injuries or damages exist.  Defendants submit that it has complied with all applicable laws at all times.

10.      **Acknowledgments:** Plaintiff acknowledges that he (1) is, has been and continues to be represented by an attorney, (2) has had sufficient and reasonable time to consult with his attorney before signing below, (3) has read this Agreement and has full knowledge of its meaning and consequences, and (4) is voluntarily, freely and willingly entering into this Agreement by signing below. Plaintiff further attests that no other promises or inducements have been offered for this Agreement, other than those set forth above, and that she is legally competent to execute this Agreement and accepts full responsibility for it.

11.      **Tax Responsibility:**  The Parties shall be responsible for complying with and otherwise satisfying their own tax obligations arising out of this Agreement.

12.      **Entire Agreement:** The terms of this Agreement constitute the entire agreement between the Defendants and Plaintiff, and this Agreement supersedes any prior agreement executed between the Defendants and Plaintiff to the extent that the prior agreement is inconsistent with this Agreement.

13.      **Severability:** The terms and provisions of this Agreement shall be deemed separable, so that if any term or provision is deemed to be invalid or unenforceable, such term or provision shall be deemed deleted or modified so as to permit the remaining portions of this Agreement to be valid and enforceable to the full extent permitted by applicable law.

14.      **Governing Law:** Parties agree and acknowledge that this Agreement shall be interpreted, construed and enforced under the laws of the State of Illinois.

15.      **No Assignment of Interests:** Plaintiff warrants that none of her interest in the Lawsuit, have been assigned or otherwise given to any other person or entity.

16.       **Successors and Assigns:** Parties acknowledge and agree that the terms of this Agreement shall inure to the benefit of and may be enforced by the parties to this Agreement.  Parties further acknowledge that this Agreement shall be binding upon Plaintiff, his heirs, agents, representatives, executors and administrators, and also upon the Defendants, their affiliated companies, predecessors, successors, and all of their present, future and former

shareholders, officers, directors, employees, agents, representatives and assigns. Parties further acknowledge that this Agreement may not be amended, in whole or in part, except in writing signed by Plaintiff and a duly authorized employee or officer of the Defendants.

17.     **Counterparts:**  This Agreement may be executed in counterparts each of which shall be deemed to be an original, but all of which together shall constitute one Agreement. The Parties agree that electronic signatures will be accepted as originals.

WHEREFORE, the Parties hereto have affixed their signatures below.

<u>**SIGNATURES FOLLOW ON NEXT PAGE**</u>

Denell Wright

Signature: _Denell Wright_

Print: _Denell Wright_

Date: _7/20/2022_

Western Petroleum Express Inc., d/b/a Speedway Lube Express and Pit Stop 500

Signature: _____

Print: _____

Date: _____

Petroleum Products Inc., d/b/a Pit Stop 500

Signature: _____

Print: _____

Date: _____

Jason Proudfoot, Individually

Signature: _____

Print: _____

Date: _____

<u>**END OF DOCUMENT**</u>

## SETTLEMENT AGREEMENT AND MUTUAL GENERAL RELEASE

This Settlement Agreement and Mutual General Release (hereinafter "Agreement") is entered into by and between **Derek Wells** (hereinafter referred to as "Plaintiff"), and Western Petroleum Express Inc., d/b/a Speedway Lube Express and Pit Stop 500, Petroleum Products Inc., d/b/a Pit Stop 500 and Jason Proudfoot, each of their predecessors, successors, and all of their present and former shareholders, officers, directors, employees, agents, representatives and assigns (together "Defendants" or "Pit Stop 500") (Plaintiff and Defendants referred to collectively as the "Parties").

WHEREAS, the Parties hereto are and have been parties to a lawsuit pending before the United States District Court for the Northern District of Illinois, Eastern Division, known as *Foster et al v. Western Petroleum Express Inc., d/b/a Speedway Lube Express and Pit Stop 500 et al.,* Case No. 20-cv-5402 (hereinafter referred to as the "Lawsuit"); and

WHEREAS, the Parties have agreed to compromise the Lawsuit, and all other disputes between them in order to avoid the expense, inconvenience and delay of further litigation;

IT IS HEREBY AGREED AS FOLLOWS:

1.  **Waiver and General Release by Foster:** Except for breaches of this Agreement, Plaintiff does hereby irrevocably waive, release and discharge the Defendants from any and all claims, demands, damages, grievances, causes of action or suits, including claims for attorneys' fees, that he might have or that she has had arising from, growing out of or in any way connected with, directly or indirectly, any employment decision made by the Defendants up to and including the date of this Agreement including, but not limited to, the employment matters referenced in the Lawsuit. Plaintiff acknowledges and agrees that any right to relief which he sought in the Lawsuit shall be satisfied upon his execution of this Agreement, and that this Agreement resolves and subsumes any and all claims based on any conduct by the Defendants through the date of this Agreement including, but not limited to, any and all claims arising under the Fair Labor Standards Act, 29 U;.S.C. §201 et seq., the Illinois Minimum Wage Law, 820 ILCS §105/1 et seq. and the Chicago Minimum Wage Ordinance, § 6-105-040 of the Municipal Code of Chicago, including any claims for attorneys' fees and costs thereunder, and any claims or causes of action that Plaintiff has had or may have had regarding any wrongful or retaliatory discharge, breach of express or implied contract, breach of covenant, libel, slander, defamation, intentional or negligent infliction of emotional distress, or any other alleged wrongdoing or illegality which are related in any way, directly or indirectly, to the claims, events, transaction or occurrence addressed in the Lawsuit identified herein.

2.  **Waiver and General Release by Defendants:** Except for breaches of this Agreement, Defendants hereby irrevocably waive, release and discharge Plaintiff from any and all claims, demands, sums of money, express of implied contract, breach of covenant, damages, grievances, libel, slander, defamation, fraud, intentional or negligent infliction of emotional distress, causes of action or suits, including claims for attorneys' fees, or any other alleged wrongdoing or illegality that they might have or that they have had arising from, growing out of or in any way connected with, directly or indirectly, to the claims, events, transaction or occurrence addressed

1

DocuSign Envelope ID: 590B4F2E-C3C8-4A32-86D7-39EE11E8E63B

in the Lawsuit identified herein, including the employment of Plaintiff by Defendants, up to and including the date of this Agreement.

3.     **Dismissal of Lawsuit:** Plaintiff and his attorneys shall be responsible for dismissing and shall dismiss the Lawsuit, first without prejudice at the time the District Court enters an order approving this Agreement. Plaintiff shall then, within 30 days after all payments described in Section 8 have been made by Defendants, dismiss the case with prejudice in the event the District Court does not do so on its own.

4.     **Mutual Covenant Not to Sue:** Parties further warrant that, other than the Lawsuit, they have not filed or initiated any claims of any type against the other Party with any court, governmental or administrative agency. Parties further warrant that they will not do so in the future, directly or indirectly, based in whole or in part upon events occurring prior to the date of this Agreement. Parties specifically waive the right to receive any benefits or remedial relief as a consequence of any charge filed with any such agency other than that relief specified in this Agreement.

5.     **Mutual Non-Disclosure:** The Parties agree not to discuss or disclose the terms and provisions of this Agreement to any person other than a spouse, attorneys, insurers, financial advisor, tax advisor and state and federal taxing authorities, unless legally required, without the other Party's prior express written consent. Parties agree that if asked about this Lawsuit, each will respond only that "the matter has been resolved, or to that effect."

6.     **Neutral Job Reference:** If in the future any prospective employer requests a job reference for Plaintiff, Defendants agree to provide a neutral job reference. All inquiries related to Plaintiff's employment with Defendants will be directed to Defendant Jason Proudfoot or Defendants' Director of Human Resources, or equivalent. Defendants, by and through their designated representative will provide, if requested, only the starting and ending dates that Plaintiff worked for Defendants and job title(s), as requested by the person or entity seeking said employment reference. Defendants agree that in any such communication with any third-party, including any prospective employer inquiring with Defendants about Plaintiff, Defendants, specifically by and through their designated representative, shall make no reference to the existence of this lawsuit or suggest by innuendo or otherwise that Plaintiff sued Defendants. Defendants, by and through their designated representative, agree that they will not release any information or records pertaining to Plaintiff's disciplinary history to any third party unless expressly authorized to do so pursuant to a valid subpoena or other court order, or the express written permission of Plaintiff.

7.     **Mutual Non-Disparagement:** At no time shall Plaintiff (i) make any statements, or take any other actions whatsoever, to disparage, defame, sully or compromise the goodwill, name, brand or reputation of Defendants or their business, trade or occupation or (ii) commit any other action that could likely injure, hinder or interfere with the business, business relationships, livelihood, reputation or goodwill of Defendants. Defendants, Defendants' owners, and Defendants' designated representative(s) shall not make any statements, or take any other actions whatsoever, to disparage, defame, sully or compromise the goodwill, name, brand or

2

DocuSign Envelope ID: 590B4525-C3C8-4A32-86D7-38FE11E8E538

reputation of Plaintiff or his business, trade or occupation or (ii) commit any other action that could likely injure, hinder or interfere with the business, business relationships, livelihood, reputation or goodwill of Plaintiff.

8. **Payment:**

In consideration of the promises made in this Agreement, as outlined in this section, the Defendants agree to pay to all Plaintiff the aggregate sum of $699.75 by certified check within twenty-one (21) days of the District Court's approval of this Agreement. Of this aggregate sum, $233.25 shall be considered wages for which Defendants shall issue a 2022 Form W2. The remaining amount, or $466.50, will be paid with no withholdings taken. Defendants shall issue Plaintiff a 2022 Form 1099. Plaintiff will provide Defendants with a Form W4 and Form W9 before payments are made. Defendants shall issue the tax documents at such time as such forms are issued by Defendants' accounting firm.

Defendants further agrees to pay to Plaintiffs' attorneys, Billhorn Law Firm, a total aggregate amount of $75,736.25 by certified check as attorneys' fees and costs relative to all Plaintiffs in the Lawsuit within twenty-one (21) days of the District Court's approval of this Agreement. Plaintiff's pro-rata share of attorneys' fees and costs being paid by Defendants is $386.25. Defendants will issue to the Billhorn Law Firm an IRS Form 1099 for the entire aggregate attorneys' fees. The attorneys' fee payments shall be designated for attorneys' fees and costs on the Form 1099 at such time as such forms are issued by Defendants' accounting firm. The Billhorn Law Firm will provide Defendants a W-9 before the payments are made.

Plaintiff acknowledges and agrees that the sum of the Plaintiff Proceeds and the Billhorn Law Firm attorneys' fees constitute all monies payable to Plaintiff and her attorneys by Defendant for the release of claims recited in this Agreement.

The aggregate attorneys' fees and costs for all Plaintiffs will be paid in a single installment, via separate checks within twenty-one (21) business days of the District Court's approval of this Agreement. Defendants shall provide all monies due to Plaintiff and Plaintiff's attorneys under this Section by certified checks. Defendants shall have no further obligation for payment of any attorneys' fees for any Plaintiff in the Lawsuit beyond the aggregate attorneys' fees and costs of $75,736.25, inclusive of Plaintiff's pro-rata share described above.

Payments by Defendants of Plaintiffs' compensation and Billhorn Law Firm's attorneys' fees shall be delivered to the office of Billhorn Law Firm located at 53 W. Jackson Blvd., Suite 1137 Chicago, IL 60604 by United Parcel Service or Federal Express according to the terms herein as described in this Section. Defendants agrees to provide the Tracking Number attributed to each mailing to Plaintiffs' counsel via email within one (1) business day after said mailings are sent. Alternatively, and by mutual agreement by the Parties, the settlement funds may be transmitted to Billhorn Law Firm via wire transfer.

DocuSign Envelope ID: 590B4F3E-C3C8-4A33-86D7-39FE11E8F53B

9.      **No Liability:** Nothing contained herein, nor the consummation of this Settlement Agreement, is to be construed as or deemed an admission of liability, culpability, negligence or wrongdoing on the part of Defendants.  The Parties further agree that the Settlement Agreement, the fact of this settlement, any of the terms in the Settlement Agreement, and any documents filed in support of the settlement  shall not constitute, or be offered, received, claimed, construed, or deemed as, an admission, finding or evidence of: (i) any wrongdoing, (ii) any violation of any statute or law, (iii) any liability on the claims or allegations in the Lawsuit on the part of the Defendants, or (iv) the propriety of certifying a class in any other lawsuit, arbitration or other proceeding.  Defendants have denied and continue to deny any liability, wrongdoing, or legal violations of any kind related to the claims and contentions asserted in the Lawsuit, have asserted a multitude of defenses to the Lawsuit, and have denied that any injuries or damages exist.  Defendants submit that it has complied with all applicable laws at all times.

10.      **Acknowledgments:** Plaintiff acknowledges that he (1) is, has been and continues to be represented by an attorney, (2) has had sufficient and reasonable time to consult with his attorney before signing below, (3) has read this Agreement and has full knowledge of its meaning and consequences, and (4) is voluntarily, freely and willingly entering into this Agreement by signing below. Plaintiff further attests that no other promises or inducements have been offered for this Agreement, other than those set forth above, and that she is legally competent to execute this Agreement and accepts full responsibility for it.

11.      **Tax Responsibility:**  The Parties shall be responsible for complying with and otherwise satisfying their own tax obligations arising out of this Agreement.

12.      **Entire Agreement:** The terms of this Agreement constitute the entire agreement between the Defendants and Plaintiff, and this Agreement supersedes any prior agreement executed between the Defendants and Plaintiff to the extent that the prior agreement is inconsistent with this Agreement.

13.      **Severability:** The terms and provisions of this Agreement shall be deemed separable, so that if any term or provision is deemed to be invalid or unenforceable, such term or provision shall be deemed deleted or modified so as to permit the remaining portions of this Agreement to be valid and enforceable to the full extent permitted by applicable law.

14.      **Governing Law:** Parties agree and acknowledge that this Agreement shall be interpreted, construed and enforced under the laws of the State of Illinois.

15.      **No Assignment of Interests:** Plaintiff warrants that none of her interest in the Lawsuit, have been assigned or otherwise given to any other person or entity.

16.       **Successors and Assigns:** Parties acknowledge and agree that the terms of this Agreement shall inure to the benefit of and may be enforced by the parties to this Agreement.  Parties further acknowledge that this Agreement shall be binding upon Plaintiff, his heirs, agents, representatives, executors and administrators, and also upon the Defendants, their affiliated companies, predecessors, successors, and all of their present, future and former

4

shareholders, officers, directors, employees, agents, representatives and assigns. Parties further acknowledge that this Agreement may not be amended, in whole or in part, except in writing signed by Plaintiff and a duly authorized employee or officer of the Defendants.

17.   **Counterparts:**  This Agreement may be executed in counterparts each of which shall be deemed to be an original, but all of which together shall constitute one Agreement. The Parties agree that electronic signatures will be accepted as originals.

WHEREFORE, the Parties hereto have affixed their signatures below.

**SIGNATURES FOLLOW ON NEXT PAGE**

Derek Wells

Signature: _____

Print: Derek Wells
_____

Date: 7/20/2022
_____

Western Petroleum Express Inc., d/b/a Speedway Lube Express and Pit Stop 500

Signature: _____

Print: _____

Date: _____

Petroleum Products Inc., d/b/a Pit Stop 500

Signature: _____

Print: _____

Date: _____

Jason Proudfoot, Individually

Signature: _____

Print: _____

Date: _____

**END OF DOCUMENT**

DocuSign Envelope ID: 84558557-6099-4435-8594-6660C89547F8

## SETTLEMENT AGREEMENT AND MUTUAL GENERAL RELEASE

This Settlement Agreement and Mutual General Release (hereinafter "Agreement") is entered into by and between **Derrick Mayes** (hereinafter referred to as "Plaintiff"), and Western Petroleum Express Inc., d/b/a Speedway Lube Express and Pit Stop 500, Petroleum Products Inc., d/b/a Pit Stop 500 and Jason Proudfoot, each of their predecessors, successors, and all of their present and former shareholders, officers, directors, employees, agents, representatives and assigns (together "Defendants" or "Pit Stop 500") (Plaintiff and Defendants referred to collectively as the "Parties").

WHEREAS, the Parties hereto are and have been parties to a lawsuit pending before the United States District Court for the Northern District of Illinois, Eastern Division, known as *Foster et al v. Western Petroleum Express Inc., d/b/a Speedway Lube Express and Pit Stop 500 et al.,* Case No. 20-cv-5402 (hereinafter referred to as the "Lawsuit"); and

WHEREAS, the Parties have agreed to compromise the Lawsuit, and all other disputes between them in order to avoid the expense, inconvenience and delay of further litigation;

IT IS HEREBY AGREED AS FOLLOWS:

1. **Waiver and General Release by Foster**: Except for breaches of this Agreement, Plaintiff does hereby irrevocably waive, release and discharge the Defendants from any and all claims, demands, damages, grievances, causes of action or suits, including claims for attorneys' fees, that he might have or that she has had arising from, growing out of or in any way connected with, directly or indirectly, any employment decision made by the Defendants up to and including the date of this Agreement including, but not limited to, the employment matters referenced in the Lawsuit. Plaintiff acknowledges and agrees that any right to relief which he sought in the Lawsuit shall be satisfied upon his execution of this Agreement, and that this Agreement resolves and subsumes any and all claims based on any conduct by the Defendants through the date of this Agreement including, but not limited to, any and all claims arising under the Fair Labor Standards Act, 29 U;.S.C. §201 et seq., the Illinois Minimum Wage Law, 820 ILCS §105/1 et seq. and the Chicago Minimum Wage Ordinance, § 6-105-040 of the Municipal Code of Chicago, including any claims for attorneys' fees and costs thereunder, and any claims or causes of action that Plaintiff has had or may have had regarding any wrongful or retaliatory discharge, breach of express or implied contract, breach of covenant, libel, slander, defamation, intentional or negligent infliction of emotional distress, or any other alleged wrongdoing or illegality which are related in any way, directly or indirectly, to the claims, events, transaction or occurrence addressed in the Lawsuit identified herein.

2. **Waiver and General Release by Defendants**: Except for breaches of this Agreement, Defendants hereby irrevocably waive, release and discharge Plaintiff from any and all claims, demands, sums of money, express of implied contract, breach of covenant, damages, grievances, libel, slander, defamation, fraud, intentional or negligent infliction of emotional distress, causes of action or suits, including claims for attorneys' fees, or any other alleged wrongdoing or illegality that they might have or that they have had arising from, growing out of or in any way connected with, directly or indirectly, to the claims, events, transaction or occurrence addressed

DocuSign Envelope ID: 84558557-6099-4135-850A-6660C89547E8

in the Lawsuit identified herein, including the employment of Plaintiff by Defendants, up to and including the date of this Agreement.

3. **Dismissal of Lawsuit:** Plaintiff and his attorneys shall be responsible for dismissing and shall dismiss the Lawsuit, first without prejudice at the time the District Court enters an order approving this Agreement. Plaintiff shall then, within 30 days after all payments described in Section 8 have been made by Defendants, dismiss the case with prejudice in the event the District Court does not do so on its own.

4. **Mutual Covenant Not to Sue:** Parties further warrant that, other than the Lawsuit, they have not filed or initiated any claims of any type against the other Party with any court, governmental or administrative agency. Parties further warrant that they will not do so in the future, directly or indirectly, based in whole or in part upon events occurring prior to the date of this Agreement. Parties specifically waive the right to receive any benefits or remedial relief as a consequence of any charge filed with any such agency other than that relief specified in this Agreement.

5. **Mutual Non-Disclosure:** The Parties agree not to discuss or disclose the terms and provisions of this Agreement to any person other than a spouse, attorneys, insurers, financial advisor, tax advisor and state and federal taxing authorities, unless legally required, without the other Party's prior express written consent. Parties agree that if asked about this Lawsuit, each will respond only that "the matter has been resolved, or to that effect."

6. **Neutral Job Reference:** If in the future any prospective employer requests a job reference for Plaintiff, Defendants agree to provide a neutral job reference. All inquiries related to Plaintiff's employment with Defendants will be directed to Defendant Jason Proudfoot or Defendants' Director of Human Resources, or equivalent. Defendants, by and through their designated representative will provide, if requested, only the starting and ending dates that Plaintiff worked for Defendants and job title(s), as requested by the person or entity seeking said employment reference. Defendants agree that in any such communication with any third-party, including any prospective employer inquiring with Defendants about Plaintiff, Defendants, specifically by and through their designated representative, shall make no reference to the existence of this lawsuit or suggest by innuendo or otherwise that Plaintiff sued Defendants. Defendants, by and through their designated representative, agree that they will not release any information or records pertaining to Plaintiff's disciplinary history to any third party unless expressly authorized to do so pursuant to a valid subpoena or other court order, or the express written permission of Plaintiff.

7. **Mutual Non-Disparagement:** At no time shall Plaintiff (i) make any statements, or take any other actions whatsoever, to disparage, defame, sully or compromise the goodwill, name, brand or reputation of Defendants or their business, trade or occupation or (ii) commit any other action that could likely injure, hinder or interfere with the business, business relationships, livelihood, reputation or goodwill of Defendants. Defendants, Defendants' owners, and Defendants' designated representative(s) shall not make any statements, or take any other actions whatsoever, to disparage, defame, sully or compromise the goodwill, name, brand or

reputation of Plaintiff or his business, trade or occupation or (ii) commit any other action that could likely injure, hinder or interfere with the business, business relationships, livelihood, reputation or goodwill of Plaintiff.

8.    **Payment:**

In consideration of the promises made in this Agreement, as outlined in this section, the Defendants agree to pay to all Plaintiff the aggregate sum of $13,374.75 by certified check within twenty-one (21) days of the District Court's approval of this Agreement. Of this aggregate sum, $4,458.25 shall be considered wages for which Defendants shall issue a 2022 Form W2. The remaining amount, or $8,916.50, will be paid with no withholdings taken. Defendants shall issue Plaintiff a 2022 Form 1099. Plaintiff will provide Defendants with a Form W4 and Form W9 before payments are made. Defendants shall issue the tax documents at such time as such forms are issued by Defendants' accounting firm.

Defendants further agrees to pay to Plaintiffs' attorneys, Billhorn Law Firm, a total aggregate amount of $75,736.25 by certified check as attorneys' fees and costs relative to all Plaintiffs in the Lawsuit within twenty-one (21) days of the District Court's approval of this Agreement. Plaintiff's pro-rata share of attorneys' fees and costs being paid by Defendants is $7,382.57. Defendants will issue to the Billhorn Law Firm an IRS Form 1099 for the entire aggregate attorneys' fees. The attorneys' fee payments shall be designated for attorneys' fees and costs on the Form 1099 at such time as such forms are issued by Defendants' accounting firm. The Billhorn Law Firm will provide Defendants a W-9 before the payments are made.

Plaintiff acknowledges and agrees that the sum of the Plaintiff Proceeds and the Billhorn Law Firm attorneys' fees constitute all monies payable to Plaintiff and her attorneys by Defendant for the release of claims recited in this Agreement.

The aggregate attorneys' fees and costs for all Plaintiffs will be paid in a single installment, via separate checks within twenty-one (21) business days of the District Court's approval of this Agreement. Defendants shall provide all monies due to Plaintiff and Plaintiff's attorneys under this Section by certified checks. Defendants shall have no further obligation for payment of any attorneys' fees for any Plaintiff in the Lawsuit beyond the aggregate attorneys' fees and costs of $75,736.25, inclusive of Plaintiff's pro-rata share described above.

Payments by Defendants of Plaintiffs' compensation and Billhorn Law Firm's attorneys' fees shall be delivered to the office of Billhorn Law Firm located at 53 W. Jackson Blvd., Suite 1137 Chicago, IL 60604 by United Parcel Service or Federal Express according to the terms herein as described in this Section. Defendants agrees to provide the Tracking Number attributed to each mailing to Plaintiffs' counsel via email within one (1) business day after said mailings are sent. Alternatively, and by mutual agreement by the Parties, the settlement funds may be transmitted to Billhorn Law Firm via wire transfer.

DocuSign Envelope ID: 84558557-6099-4435-B504-6660C89547F8

9.      **No Liability:** Nothing contained herein, nor the consummation of this Settlement Agreement, is to be construed as or deemed an admission of liability, culpability, negligence or wrongdoing on the part of Defendants.  The Parties further agree that the Settlement Agreement, the fact of this settlement, any of the terms in the Settlement Agreement, and any documents filed in support of the settlement  shall not constitute, or be offered, received, claimed, construed, or deemed as, an admission, finding or evidence of: (i) any wrongdoing, (ii) any violation of any statute or law, (iii) any liability on the claims or allegations in the Lawsuit on the part of the Defendants, or (iv) the propriety of certifying a class in any other lawsuit, arbitration or other proceeding.  Defendants have denied and continue to deny any liability, wrongdoing, or legal violations of any kind related to the claims and contentions asserted in the Lawsuit, have asserted a multitude of defenses to the Lawsuit, and have denied that any injuries or damages exist.  Defendants submit that it has complied with all applicable laws at all times.

10.     **Acknowledgments:** Plaintiff acknowledges that he (1) is, has been and continues to be represented by an attorney, (2) has had sufficient and reasonable time to consult with his attorney before signing below, (3) has read this Agreement and has full knowledge of its meaning and consequences, and (4) is voluntarily, freely and willingly entering into this Agreement by signing below. Plaintiff further attests that no other promises or inducements have been offered for this Agreement, other than those set forth above, and that she is legally competent to execute this Agreement and accepts full responsibility for it.

11.     **Tax Responsibility:**  The Parties shall be responsible for complying with and otherwise satisfying their own tax obligations arising out of this Agreement.

12.     **Entire Agreement:** The terms of this Agreement constitute the entire agreement between the Defendants and Plaintiff, and this Agreement supersedes any prior agreement executed between the Defendants and Plaintiff to the extent that the prior agreement is inconsistent with this Agreement.

13.     **Severability:** The terms and provisions of this Agreement shall be deemed separable, so that if any term or provision is deemed to be invalid or unenforceable, such term or provision shall be deemed deleted or modified so as to permit the remaining portions of this Agreement to be valid and enforceable to the full extent permitted by applicable law.

14.     **Governing Law:** Parties agree and acknowledge that this Agreement shall be interpreted, construed and enforced under the laws of the State of Illinois.

15.     **No Assignment of Interests:** Plaintiff warrants that none of her interest in the Lawsuit, have been assigned or otherwise given to any other person or entity.

16.      **Successors and Assigns:** Parties acknowledge and agree that the terms of this Agreement shall inure to the benefit of and may be enforced by the parties to this Agreement.  Parties further acknowledge that this Agreement shall be binding upon Plaintiff, his heirs, agents, representatives, executors and administrators, and also upon the Defendants, their affiliated companies, predecessors, successors, and all of their present, future and former

DocuSign Envelope ID: 84558557-6099-4A2F-85C4-6660C89E47F8

shareholders, officers, directors, employees, agents, representatives and assigns. Parties further acknowledge that this Agreement may not be amended, in whole or in part, except in writing signed by Plaintiff and a duly authorized employee or officer of the Defendants.

17.    **Counterparts:**  This Agreement may be executed in counterparts each of which shall be deemed to be an original, but all of which together shall constitute one Agreement. The Parties agree that electronic signatures will be accepted as originals.

WHEREFORE, the Parties hereto have affixed their signatures below.

<u>**SIGNATURES FOLLOW ON NEXT PAGE**</u>

Derrick Mayes

Signature: _____

Print: _Derrick Mayes_____

Date: _7/21/2022_____

Western Petroleum Express Inc., d/b/a Speedway Lube Express and Pit Stop 500

Signature: _____

Print: _____

Date: _____

Petroleum Products Inc., d/b/a Pit Stop 500

Signature: _____

Print: _____

Date: _____

Jason Proudfoot, Individually

Signature: _____

Print: _____

Date: _____

**END OF DOCUMENT**

DocuSign Envelope ID: CB658E63-0AD9-454D-A58C-1EF47E1C7AD6

## SETTLEMENT AGREEMENT AND MUTUAL GENERAL RELEASE

This Settlement Agreement and Mutual General Release (hereinafter "Agreement") is entered into by and between **Lawrence Coleman** (hereinafter referred to as "Plaintiff"), and Western Petroleum Express Inc., d/b/a Speedway Lube Express and Pit Stop 500, Petroleum Products Inc., d/b/a Pit Stop 500 and Jason Proudfoot, each of their predecessors, successors, and all of their present and former shareholders, officers, directors, employees, agents, representatives and assigns (together "Defendants" or "Pit Stop 500") (Plaintiff and Defendants referred to collectively as the "Parties").

WHEREAS, the Parties hereto are and have been parties to a lawsuit pending before the United States District Court for the Northern District of Illinois, Eastern Division, known as *Foster et al v. Western Petroleum Express Inc., d/b/a Speedway Lube Express and Pit Stop 500 et al.,* Case No. 20-cv-5402 (hereinafter referred to as the "Lawsuit"); and

WHEREAS, the Parties have agreed to compromise the Lawsuit, and all other disputes between them in order to avoid the expense, inconvenience and delay of further litigation;

IT IS HEREBY AGREED AS FOLLOWS:

1.      **Waiver and General Release by Foster:** Except for breaches of this Agreement, Plaintiff does hereby irrevocably waive, release and discharge the Defendants from any and all claims, demands, damages, grievances, causes of action or suits, including claims for attorneys' fees, that he might have or that she has had arising from, growing out of or in any way connected with, directly or indirectly, any employment decision made by the Defendants up to and including the date of this Agreement including, but not limited to, the employment matters referenced in the Lawsuit. Plaintiff acknowledges and agrees that any right to relief which he sought in the Lawsuit shall be satisfied upon his execution of this Agreement, and that this Agreement resolves and subsumes any and all claims based on any conduct by the Defendants through the date of this Agreement including, but not limited to, any and all claims arising under the Fair Labor Standards Act, 29 U;.S.C. §201 et seq., the Illinois Minimum Wage Law, 820 ILCS §105/1 et seq. and the Chicago Minimum Wage Ordinance, § 6-105-040 of the Municipal Code of Chicago, including any claims for attorneys' fees and costs thereunder, and any claims or causes of action that Plaintiff has had or may have had regarding any wrongful or retaliatory discharge, breach of express or implied contract, breach of covenant, libel, slander, defamation, intentional or negligent infliction of emotional distress, or any other alleged wrongdoing or illegality which are related in any way, directly or indirectly, to the claims, events, transaction or occurrence addressed in the Lawsuit identified herein.

2.      **Waiver and General Release by Defendants:** Except for breaches of this Agreement, Defendants hereby irrevocably waive, release and discharge Plaintiff from any and all claims, demands, sums of money, express of implied contract, breach of covenant, damages, grievances, libel, slander, defamation, fraud, intentional or negligent infliction of emotional distress, causes of action or suits, including claims for attorneys' fees, or any other alleged wrongdoing or illegality that they might have or that they have had arising from, growing out of or in any way connected with, directly or indirectly, to the claims, events, transaction or occurrence addressed

DocuSign Envelope ID: CB658E63-0AD9-454D-A58C-1EF47E1C7AD6

in the Lawsuit identified herein, including the employment of Plaintiff by Defendants, up to and including the date of this Agreement.

3.    **Dismissal of Lawsuit:** Plaintiff and his attorneys shall be responsible for dismissing and shall dismiss the Lawsuit, first without prejudice at the time the District Court enters an order approving this Agreement. Plaintiff shall then, within 30 days after all payments described in Section 8 have been made by Defendants, dismiss the case with prejudice in the event the District Court does not do so on its own.

4.    **Mutual Covenant Not to Sue:** Parties further warrant that, other than the Lawsuit, they have not filed or initiated any claims of any type against the other Party with any court, governmental or administrative agency. Parties further warrant that they will not do so in the future, directly or indirectly, based in whole or in part upon events occurring prior to the date of this Agreement. Parties specifically waive the right to receive any benefits or remedial relief as a consequence of any charge filed with any such agency other than that relief specified in this Agreement.

5.    **Mutual Non-Disclosure:** The Parties agree not to discuss or disclose the terms and provisions of this Agreement to any person other than a spouse, attorneys, insurers, financial advisor, tax advisor and state and federal taxing authorities, unless legally required, without the other Party's prior express written consent. Parties agree that if asked about this Lawsuit, each will respond only that "the matter has been resolved, or to that effect.

6.    **Neutral Job Reference:** If in the future any prospective employer requests a job reference for Plaintiff, Defendants agree to provide a neutral job reference. All inquiries related to Plaintiff's employment with Defendants will be directed to Defendant Jason Proudfoot or Defendants' Director of Human Resources, or equivalent. Defendants, by and through their designated representative will provide, if requested, only the starting and ending dates that Plaintiff worked for Defendants and job title(s), as requested by the person or entity seeking said employment reference. Defendants agree that in any such communication with any third-party, including any prospective employer inquiring with Defendants about Plaintiff, Defendants, specifically by and through their designated representative, shall make no reference to the existence of this lawsuit or suggest by innuendo or otherwise that Plaintiff sued Defendants. Defendants, by and through their designated representative, agree that they will not release any information or records pertaining to Plaintiff's disciplinary history to any third party unless expressly authorized to do so pursuant to a valid subpoena or other court order, or the express written permission of Plaintiff.

7.    **Mutual Non-Disparagement:** At no time shall Plaintiff (i) make any statements, or take any other actions whatsoever, to disparage, defame, sully or compromise the goodwill, name, brand or reputation of Defendants or their business, trade or occupation or (ii) commit any other action that could likely injure, hinder or interfere with the business, business relationships, livelihood, reputation or goodwill of Defendants. Defendants, Defendants' owners, and Defendants' designated representative(s) shall not make any statements, or take any other actions whatsoever, to disparage, defame, sully or compromise the goodwill, name, brand or

2

reputation of Plaintiff or his business, trade or occupation or (ii) commit any other action that could likely injure, hinder or interfere with the business, business relationships, livelihood, reputation or goodwill of Plaintiff.

8.    **Payment:**

      In consideration of the promises made in this Agreement, as outlined in this section, the Defendants agree to pay to all Plaintiff the aggregate sum of $1,089.00 by certified check within twenty-one (21) days of the District Court's approval of this Agreement. Of this aggregate sum, $363.00 shall be considered wages for which Defendants shall issue a 2022 Form W2. The remaining amount, or $726.00, will be paid with no withholdings taken. Defendants shall issue Plaintiff a 2022 Form 1099. Plaintiff will provide Defendants with a Form W4 and Form W9 before payments are made. Defendants shall issue the tax documents at such time as such forms are issued by Defendants' accounting firm.

      Defendants further agrees to pay to Plaintiffs' attorneys, Billhorn Law Firm, a total aggregate amount of $75,736.25 by certified check as attorneys' fees and costs relative to all Plaintiffs in the Lawsuit within twenty-one (21) days of the District Court's approval of this Agreement. Plaintiff's pro-rata share of attorneys' fees and costs being paid by Defendants is $601.10. Defendants will issue to the Billhorn Law Firm an IRS Form 1099 for the entire aggregate attorneys' fees. The attorneys' fee payments shall be designated for attorneys' fees and costs on the Form 1099 at such time as such forms are issued by Defendants' accounting firm. The Billhorn Law Firm will provide Defendants a W-9 before the payments are made.

      Plaintiff acknowledges and agrees that the sum of the Plaintiff Proceeds and the Billhorn Law Firm attorneys' fees constitute all monies payable to Plaintiff and her attorneys by Defendant for the release of claims recited in this Agreement.

      The aggregate attorneys' fees and costs for all Plaintiffs will be paid in a single installment, via separate checks within twenty-one (21) business days of the District Court's approval of this Agreement. Defendants shall provide all monies due to Plaintiff and Plaintiff's attorneys under this Section by certified checks. Defendants shall have no further obligation for payment of any attorneys' fees for any Plaintiff in the Lawsuit beyond the aggregate attorneys' fees and costs of $75,736.25, inclusive of Plaintiff's pro-rata share described above.

      Payments by Defendants of Plaintiffs' compensation and Billhorn Law Firm's attorneys' fees shall be delivered to the office of Billhorn Law Firm located at 53 W. Jackson Blvd., Suite 1137 Chicago, IL 60604 by United Parcel Service or Federal Express according to the terms herein as described in this Section. Defendants agrees to provide the Tracking Number attributed to each mailing to Plaintiffs' counsel via email within one (1) business day after said mailings are sent. Alternatively, and by mutual agreement by the Parties, the settlement funds may be transmitted to Billhorn Law Firm via wire transfer.

DocuSign Envelope ID: CB658E63-0AD9-454D-A58C-1FF47E1C7AD6

9.      **No Liability:** Nothing contained herein, nor the consummation of this Settlement Agreement, is to be construed as or deemed an admission of liability, culpability, negligence or wrongdoing on the part of Defendants.  The Parties further agree that the Settlement Agreement, the fact of this settlement, any of the terms in the Settlement Agreement, and any documents filed in support of the settlement  shall not constitute, or be offered, received, claimed, construed, or deemed as, an admission, finding or evidence of: (i) any wrongdoing, (ii) any violation of any statute or law, (iii) any liability on the claims or allegations in the Lawsuit on the part of the Defendants, or (iv) the propriety of certifying a class in any other lawsuit, arbitration or other proceeding.  Defendants have denied and continue to deny any liability, wrongdoing, or legal violations of any kind related to the claims and contentions asserted in the Lawsuit, have asserted a multitude of defenses to the Lawsuit, and have denied that any injuries or damages exist.  Defendants submit that it has complied with all applicable laws at all times.

10.      **Acknowledgments:** Plaintiff acknowledges that he (1) is, has been and continues to be represented by an attorney, (2) has had sufficient and reasonable time to consult with his attorney before signing below, (3) has read this Agreement and has full knowledge of its meaning and consequences, and (4) is voluntarily, freely and willingly entering into this Agreement by signing below. Plaintiff further attests that no other promises or inducements have been offered for this Agreement, other than those set forth above, and that she is legally competent to execute this Agreement and accepts full responsibility for it.

11.      **Tax Responsibility:**  The Parties shall be responsible for complying with and otherwise satisfying their own tax obligations arising out of this Agreement.

12.      **Entire Agreement:** The terms of this Agreement constitute the entire agreement between the Defendants and Plaintiff, and this Agreement supersedes any prior agreement executed between the Defendants and Plaintiff to the extent that the prior agreement is inconsistent with this Agreement.

13.      **Severability:** The terms and provisions of this Agreement shall be deemed separable, so that if any term or provision is deemed to be invalid or unenforceable, such term or provision shall be deemed deleted or modified so as to permit the remaining portions of this Agreement to be valid and enforceable to the full extent permitted by applicable law.

14.      **Governing Law:** Parties agree and acknowledge that this Agreement shall be interpreted, construed and enforced under the laws of the State of Illinois.

15.      **No Assignment of Interests:** Plaintiff warrants that none of her interest in the Lawsuit, have been assigned or otherwise given to any other person or entity.

16.       **Successors and Assigns:** Parties acknowledge and agree that the terms of this Agreement shall inure to the benefit of and may be enforced by the parties to this Agreement.  Parties further acknowledge that this Agreement shall be binding upon Plaintiff, his heirs, agents, representatives, executors and administrators, and also upon the Defendants, their affiliated companies, predecessors, successors, and all of their present, future and former

4

shareholders, officers, directors, employees, agents, representatives and assigns. Parties further acknowledge that this Agreement may not be amended, in whole or in part, except in writing signed by Plaintiff and a duly authorized employee or officer of the Defendants.

17.     **Counterparts:**  This Agreement may be executed in counterparts each of which shall be deemed to be an original, but all of which together shall constitute one Agreement. The Parties agree that electronic signatures will be accepted as originals.

WHEREFORE, the Parties hereto have affixed their signatures below.

## SIGNATURES FOLLOW ON NEXT PAGE

Lawrence Coleman

Signature: _____

Print: Lawrence Coleman
_____

Date: 7/20/2022
_____

Western Petroleum Express Inc., d/b/a Speedway Lube Express and Pit Stop 500

Signature: _____

Print: _____

Date: _____

Petroleum Products Inc., d/b/a Pit Stop 500

Signature: _____

Print: _____

Date: _____

Jason Proudfoot, Individually

Signature: _____

Print: _____

Date: _____

**END OF DOCUMENT**

## SETTLEMENT AGREEMENT AND MUTUAL GENERAL RELEASE

This Settlement Agreement and Mutual General Release (hereinafter "Agreement") is entered into by and between **Leo Pitcher** (hereinafter referred to as "Plaintiff"), and Western Petroleum Express Inc., d/b/a Speedway Lube Express and Pit Stop 500, Petroleum Products Inc., d/b/a Pit Stop 500 and Jason Proudfoot, each of their predecessors, successors, and all of their present and former shareholders, officers, directors, employees, agents, representatives and assigns (together "Defendants" or "Pit Stop 500") (Plaintiff and Defendants referred to collectively as the "Parties").

WHEREAS, the Parties hereto are and have been parties to a lawsuit pending before the United States District Court for the Northern District of Illinois, Eastern Division, known as *Foster et al v. Western Petroleum Express Inc., d/b/a Speedway Lube Express and Pit Stop 500 et al.,* Case No. 20-cv-5402 (hereinafter referred to as the "Lawsuit"); and

WHEREAS, the Parties have agreed to compromise the Lawsuit, and all other disputes between them in order to avoid the expense, inconvenience and delay of further litigation;

IT IS HEREBY AGREED AS FOLLOWS:

1. __Waiver and General Release by Foster__: Except for breaches of this Agreement, Plaintiff does hereby irrevocably waive, release and discharge the Defendants from any and all claims, demands, damages, grievances, causes of action or suits, including claims for attorneys' fees, that he might have or that she has had arising from, growing out of or in any way connected with, directly or indirectly, any employment decision made by the Defendants up to and including the date of this Agreement including, but not limited to, the employment matters referenced in the Lawsuit. Plaintiff acknowledges and agrees that any right to relief which he sought in the Lawsuit shall be satisfied upon his execution of this Agreement, and that this Agreement resolves and subsumes any and all claims based on any conduct by the Defendants through the date of this Agreement including, but not limited to, any and all claims arising under the Fair Labor Standards Act, 29 U;.S.C. §201 et seq., the Illinois Minimum Wage Law, 820 ILCS §105/1 et seq. and the Chicago Minimum Wage Ordinance, § 6-105-040 of the Municipal Code of Chicago, including any claims for attorneys' fees and costs thereunder, and any claims or causes of action that Plaintiff has had or may have had regarding any wrongful or retaliatory discharge, breach of express or implied contract, breach of covenant, libel, slander, defamation, intentional or negligent infliction of emotional distress, or any other alleged wrongdoing or illegality which are related in any way, directly or indirectly, to the claims, events, transaction or occurrence addressed in the Lawsuit identified herein.

2. __Waiver and General Release by Defendants__: Except for breaches of this Agreement, Defendants hereby irrevocably waive, release and discharge Plaintiff from any and all claims, demands, sums of money, express of implied contract, breach of covenant, damages, grievances, libel, slander, defamation, fraud, intentional or negligent infliction of emotional distress, causes of action or suits, including claims for attorneys' fees, or any other alleged wrongdoing or illegality that they might have or that they have had arising from, growing out of or in any way connected with, directly or indirectly, to the claims, events, transaction or occurrence addressed

1

DocuSign Envelope ID: E8F37A5C-DA94-4F8D-A5B6-7D8C2CBAC607

in the Lawsuit identified herein, including the employment of Plaintiff by Defendants, up to and including the date of this Agreement.

3. **Dismissal of Lawsuit:** Plaintiff and his attorneys shall be responsible for dismissing and shall dismiss the Lawsuit, first without prejudice at the time the District Court enters an order approving this Agreement. Plaintiff shall then, within 30 days after all payments described in Section 8 have been made by Defendants, dismiss the case with prejudice in the event the District Court does not do so on its own.

4. **Mutual Covenant Not to Sue:** Parties further warrant that, other than the Lawsuit, they have not filed or initiated any claims of any type against the other Party with any court, governmental or administrative agency. Parties further warrant that they will not do so in the future, directly or indirectly, based in whole or in part upon events occurring prior to the date of this Agreement. Parties specifically waive the right to receive any benefits or remedial relief as a consequence of any charge filed with any such agency other than that relief specified in this Agreement.

5. **Mutual Non-Disclosure:** The Parties agree not to discuss or disclose the terms and provisions of this Agreement to any person other than a spouse, attorneys, insurers, financial advisor, tax advisor and state and federal taxing authorities, unless legally required, without the other Party's prior express written consent. Parties agree that if asked about this Lawsuit, each will respond only that "the matter has been resolved, or to that effect.

6. **Neutral Job Reference:** If in the future any prospective employer requests a job reference for Plaintiff, Defendants agree to provide a neutral job reference. All inquiries related to Plaintiff's employment with Defendants will be directed to Defendant Jason Proudfoot or Defendants' Director of Human Resources, or equivalent. Defendants, by and through their designated representative will provide, if requested, only the starting and ending dates that Plaintiff worked for Defendants and job title(s), as requested by the person or entity seeking said employment reference. Defendants agree that in any such communication with any third-party, including any prospective employer inquiring with Defendants about Plaintiff, Defendants, specifically by and through their designated representative, shall make no reference to the existence of this lawsuit or suggest by innuendo or otherwise that Plaintiff sued Defendants. Defendants, by and through their designated representative, agree that they will not release any information or records pertaining to Plaintiff's disciplinary history to any third party unless expressly authorized to do so pursuant to a valid subpoena or other court order, or the express written permission of Plaintiff.

7. **Mutual Non-Disparagement:** At no time shall Plaintiff (i) make any statements, or take any other actions whatsoever, to disparage, defame, sully or compromise the goodwill, name, brand or reputation of Defendants or their business, trade or occupation or (ii) commit any other action that could likely injure, hinder or interfere with the business, business relationships, livelihood, reputation or goodwill of Defendants. Defendants, Defendants' owners, and Defendants' designated representative(s) shall not make any statements, or take any other actions whatsoever, to disparage, defame, sully or compromise the goodwill, name, brand or

reputation of Plaintiff or his business, trade or occupation or (ii) commit any other action that could likely injure, hinder or interfere with the business, business relationships, livelihood, reputation or goodwill of Plaintiff.

8. **Payment:**

In consideration of the promises made in this Agreement, as outlined in this section, the Defendants agree to pay to all Plaintiff the aggregate sum of $1,394.25 by certified check within twenty-one (21) days of the District Court's approval of this Agreement. Of this aggregate sum, $464.75 shall be considered wages for which Defendants shall issue a 2022 Form W2. The remaining amount, or $929.50, will be paid with no withholdings taken. Defendants shall issue Plaintiff a 2022 Form 1099. Plaintiff will provide Defendants with a Form W4 and Form W9 before payments are made. Defendants shall issue the tax documents at such time as such forms are issued by Defendants' accounting firm.

Defendants further agrees to pay to Plaintiffs' attorneys, Billhorn Law Firm, a total aggregate amount of $75,736.25 by certified check as attorneys' fees and costs relative to all Plaintiffs in the Lawsuit within twenty-one (21) days of the District Court's approval of this Agreement. Plaintiff's pro-rata share of attorneys' fees and costs being paid by Defendants is $769.60. Defendants will issue to the Billhorn Law Firm an IRS Form 1099 for the entire aggregate attorneys' fees. The attorneys' fee payments shall be designated for attorneys' fees and costs on the Form 1099 at such time as such forms are issued by Defendants' accounting firm. The Billhorn Law Firm will provide Defendants a W-9 before the payments are made.

Plaintiff acknowledges and agrees that the sum of the Plaintiff Proceeds and the Billhorn Law Firm attorneys' fees constitute all monies payable to Plaintiff and her attorneys by Defendant for the release of claims recited in this Agreement.

The aggregate attorneys' fees and costs for all Plaintiffs will be paid in a single installment, via separate checks within twenty-one (21) business days of the District Court's approval of this Agreement. Defendants shall provide all monies due to Plaintiff and Plaintiff's attorneys under this Section by certified checks. Defendants shall have no further obligation for payment of any attorneys' fees for any Plaintiff in the Lawsuit beyond the aggregate attorneys' fees and costs of $75,736.25, inclusive of Plaintiff's pro-rata share described above.

Payments by Defendants of Plaintiffs' compensation and Billhorn Law Firm's attorneys' fees shall be delivered to the office of Billhorn Law Firm located at 53 W. Jackson Blvd., Suite 1137 Chicago, IL 60604 by United Parcel Service or Federal Express according to the terms herein as described in this Section. Defendants agrees to provide the Tracking Number attributed to each mailing to Plaintiffs' counsel via email within one (1) business day after said mailings are sent. Alternatively, and by mutual agreement by the Parties, the settlement funds may be transmitted to Billhorn Law Firm via wire transfer.

DocuSign Envelope ID: E8F37A56-DA94-4F8E-A585-7D8C2CBAC607

9.      **No Liability:** Nothing contained herein, nor the consummation of this Settlement Agreement, is to be construed as or deemed an admission of liability, culpability, negligence or wrongdoing on the part of Defendants.  The Parties further agree that the Settlement Agreement, the fact of this settlement, any of the terms in the Settlement Agreement, and any documents filed in support of the settlement  shall not constitute, or be offered, received, claimed, construed, or deemed as, an admission, finding or evidence of: (i) any wrongdoing, (ii) any violation of any statute or law, (iii) any liability on the claims or allegations in the Lawsuit on the part of the Defendants, or (iv) the propriety of certifying a class in any other lawsuit, arbitration or other proceeding.  Defendants have denied and continue to deny any liability, wrongdoing, or legal violations of any kind related to the claims and contentions asserted in the Lawsuit, have asserted a multitude of defenses to the Lawsuit, and have denied that any injuries or damages exist.  Defendants submit that it has complied with all applicable laws at all times.

10.      **Acknowledgments:** Plaintiff acknowledges that he (1) is, has been and continues to be represented by an attorney, (2) has had sufficient and reasonable time to consult with his attorney before signing below, (3) has read this Agreement and has full knowledge of its meaning and consequences, and (4) is voluntarily, freely and willingly entering into this Agreement by signing below. Plaintiff further attests that no other promises or inducements have been offered for this Agreement, other than those set forth above, and that she is legally competent to execute this Agreement and accepts full responsibility for it.

11.      **Tax Responsibility:**  The Parties shall be responsible for complying with and otherwise satisfying their own tax obligations arising out of this Agreement.

12.      **Entire Agreement:** The terms of this Agreement constitute the entire agreement between the Defendants and Plaintiff, and this Agreement supersedes any prior agreement executed between the Defendants and Plaintiff to the extent that the prior agreement is inconsistent with this Agreement.

13.      **Severability:** The terms and provisions of this Agreement shall be deemed separable, so that if any term or provision is deemed to be invalid or unenforceable, such term or provision shall be deemed deleted or modified so as to permit the remaining portions of this Agreement to be valid and enforceable to the full extent permitted by applicable law.

14.      **Governing Law:**  Parties agree and acknowledge that this Agreement shall be interpreted, construed and enforced under the laws of the State of Illinois.

15.      **No Assignment of Interests:** Plaintiff warrants that none of her interest in the Lawsuit, have been assigned or otherwise given to any other person or entity.

16.       **Successors and Assigns:** Parties acknowledge and agree that the terms of this Agreement shall inure to the benefit of and may be enforced by the parties to this Agreement.  Parties further acknowledge that this Agreement shall be binding upon Plaintiff, his heirs, agents, representatives, executors and administrators, and also upon the Defendants, their affiliated companies, predecessors, successors, and all of their present, future and former

DocuSign Envelope ID: E8F37A56-DA94-4E8E-A5B5-7D8C2CBAC607

shareholders, officers, directors, employees, agents, representatives and assigns. Parties further acknowledge that this Agreement may not be amended, in whole or in part, except in writing signed by Plaintiff and a duly authorized employee or officer of the Defendants.

17.    **Counterparts:** This Agreement may be executed in counterparts each of which shall be deemed to be an original, but all of which together shall constitute one Agreement. The Parties agree that electronic signatures will be accepted as originals.

WHEREFORE, the Parties hereto have affixed their signatures below.

**SIGNATURES FOLLOW ON NEXT PAGE**

Leo Pitcher

Signature: _____

Print: _Leo Pitcher_____

Date: _7/20/2022_____

Western Petroleum Express Inc., d/b/a Speedway Lube Express and Pit Stop 500

Signature: _____

Print: _____

Date: _____

Petroleum Products Inc., d/b/a Pit Stop 500

Signature: _____

Print: _____

Date: _____

Jason Proudfoot, Individually

Signature: _____

Print: _____

Date: _____

**END OF DOCUMENT**

6

## SETTLEMENT AGREEMENT AND MUTUAL GENERAL RELEASE

This Settlement Agreement and Mutual General Release (hereinafter "Agreement") is entered into by and between **Marcell Washington** (hereinafter referred to as "Plaintiff"), and Western Petroleum Express Inc., d/b/a Speedway Lube Express and Pit Stop 500, Petroleum Products Inc., d/b/a Pit Stop 500 and Jason Proudfoot, each of their predecessors, successors, and all of their present and former shareholders, officers, directors, employees, agents, representatives and assigns (together "Defendants" or "Pit Stop 500") (Plaintiff and Defendants referred to collectively as the "Parties").

WHEREAS, the Parties hereto are and have been parties to a lawsuit pending before the United States District Court for the Northern District of Illinois, Eastern Division, known as *Foster et al v. Western Petroleum Express Inc., d/b/a Speedway Lube Express and Pit Stop 500 et al.,* Case No. 20-cv-5402 (hereinafter referred to as the "Lawsuit"); and

WHEREAS, the Parties have agreed to compromise the Lawsuit, and all other disputes between them in order to avoid the expense, inconvenience and delay of further litigation;

IT IS HEREBY AGREED AS FOLLOWS:

1.      **Waiver and General Release by Foster:** Except for breaches of this Agreement, Plaintiff does hereby irrevocably waive, release and discharge the Defendants from any and all claims, demands, damages, grievances, causes of action or suits, including claims for attorneys' fees, that he might have or that she has had arising from, growing out of or in any way connected with, directly or indirectly, any employment decision made by the Defendants up to and including the date of this Agreement including, but not limited to, the employment matters referenced in the Lawsuit. Plaintiff acknowledges and agrees that any right to relief which he sought in the Lawsuit shall be satisfied upon his execution of this Agreement, and that this Agreement resolves and subsumes any and all claims based on any conduct by the Defendants through the date of this Agreement including, but not limited to, any and all claims arising under the Fair Labor Standards Act, 29 U;.S.C. §201 et seq., the Illinois Minimum Wage Law, 820 ILCS §105/1 et seq. and the Chicago Minimum Wage Ordinance, § 6-105-040 of the Municipal Code of Chicago, including any claims for attorneys' fees and costs thereunder, and any claims or causes of action that Plaintiff has had or may have had regarding any wrongful or retaliatory discharge, breach of express or implied contract, breach of covenant, libel, slander, defamation, intentional or negligent infliction of emotional distress, or any other alleged wrongdoing or illegality which are related in any way, directly or indirectly, to the claims, events, transaction or occurrence addressed in the Lawsuit identified herein.

2.      **Waiver and General Release by Defendants:** Except for breaches of this Agreement, Defendants hereby irrevocably waive, release and discharge Plaintiff from any and all claims, demands, sums of money, express of implied contract, breach of covenant, damages, grievances, libel, slander, defamation, fraud, intentional or negligent infliction of emotional distress, causes of action or suits, including claims for attorneys' fees, or any other alleged wrongdoing or illegality that they might have or that they have had arising from, growing out of or in any way connected with, directly or indirectly, to the claims, events, transaction or occurrence addressed

1

DocuSign Envelope ID: 1831EC51-1E0C-4C2B-8169-7E7A96011E8D

in the Lawsuit identified herein, including the employment of Plaintiff by Defendants, up to and including the date of this Agreement.

3.      **Dismissal of Lawsuit:** Plaintiff and his attorneys shall be responsible for dismissing and shall dismiss the Lawsuit, first without prejudice at the time the District Court enters an order approving this Agreement. Plaintiff shall then, within 30 days after all payments described in Section 8 have been made by Defendants, dismiss the case with prejudice in the event the District Court does not do so on its own.

4.      **Mutual Covenant Not to Sue:** Parties further warrant that, other than the Lawsuit, they have not filed or initiated any claims of any type against the other Party with any court, governmental or administrative agency.  Parties further warrant that they will not do so in the future, directly or indirectly, based in whole or in part upon events occurring prior to the date of this Agreement.  Parties specifically waive the right to receive any benefits or remedial relief as a consequence of any charge filed with any such agency other than that relief specified in this Agreement.

5.      **Mutual Non-Disclosure:** The Parties agree not to discuss or disclose the terms and provisions of this Agreement to any person other than a spouse, attorneys, insurers, financial advisor, tax advisor and state and federal taxing authorities, unless legally required, without the other Party's prior express written consent. Parties agree that if asked about this Lawsuit, each will respond only that "the matter has been resolved, or to that effect".

6.      **Neutral Job Reference:** If in the future any prospective employer requests a job reference for Plaintiff, Defendants agree to provide a neutral job reference. All inquiries related to Plaintiff's employment with Defendants will be directed to Defendant Jason Proudfoot or Defendants' Director of Human Resources, or equivalent. Defendants, by and through their designated representative will provide, if requested, only the starting and ending dates that Plaintiff worked for Defendants and job title(s), as requested by the person or entity seeking said employment reference. Defendants agree that in any such communication with any third-party, including any prospective employer inquiring with Defendants about Plaintiff, Defendants, specifically by and through their designated representative, shall make no reference to the existence of this lawsuit or suggest by innuendo or otherwise that Plaintiff sued Defendants. Defendants, by and through their designated representative, agree that they will not release any information or records pertaining to Plaintiff's disciplinary history to any third party unless expressly authorized to do so pursuant to a valid subpoena or other court order, or the express written permission of Plaintiff.

7.      **Mutual Non-Disparagement:** At no time shall Plaintiff (i) make any statements, or take any other actions whatsoever, to disparage, defame, sully or compromise the goodwill, name, brand or reputation of Defendants or their business, trade or occupation or (ii) commit any other action that could likely injure, hinder or interfere with the business, business relationships, livelihood, reputation or goodwill of Defendants. Defendants, Defendants' owners, and Defendants' designated representative(s) shall not make any statements, or take any other actions whatsoever, to disparage, defame, sully or compromise the goodwill, name, brand or

2

DocuSign Envelope ID: 1831EC51-1E0C-4C2B-B16Q-7E7A96011E8D

reputation of Plaintiff or his business, trade or occupation or (ii) commit any other action that could likely injure, hinder or interfere with the business, business relationships, livelihood, reputation or goodwill of Plaintiff.

8.  **Payment:**

In consideration of the promises made in this Agreement, as outlined in this section, the Defendants agree to pay to all Plaintiff the aggregate sum of $40,651.50 by certified check within twenty-one (21) days of the District Court's approval of this Agreement. Of this aggregate sum, $13,550.50 shall be considered wages for which Defendants shall issue a 2022 Form W2. The remaining amount, or $27,101.00, will be paid with no withholdings taken. Defendants shall issue Plaintiff a 2022 Form 1099. Plaintiff will provide Defendants with a Form W4 and Form W9 before payments are made. Defendants shall issue the tax documents at such time as such forms are issued by Defendants' accounting firm.

Defendants further agrees to pay to Plaintiffs' attorneys, Billhorn Law Firm, a total aggregate amount of $75,736.25 by certified check as attorneys' fees and costs relative to all Plaintiffs in the Lawsuit within twenty-one (21) days of the District Court's approval of this Agreement. Plaintiff's pro-rata share of attorneys' fees and costs being paid by Defendants is $22,438.75. Defendants will issue to the Billhorn Law Firm an IRS Form 1099 for the entire aggregate attorneys' fees. The attorneys' fee payments shall be designated for attorneys' fees and costs on the Form 1099 at such time as such forms are issued by Defendants' accounting firm. The Billhorn Law Firm will provide Defendants a W-9 before the payments are made.

Plaintiff acknowledges and agrees that the sum of the Plaintiff Proceeds and the Billhorn Law Firm attorneys' fees constitute all monies payable to Plaintiff and her attorneys by Defendant for the release of claims recited in this Agreement.

The aggregate attorneys' fees and costs for all Plaintiffs will be paid in a single installment, via separate checks within twenty-one (21) business days of the District Court's approval of this Agreement. Defendants shall provide all monies due to Plaintiff and Plaintiff's attorneys under this Section by certified checks. Defendants shall have no further obligation for payment of any attorneys' fees for any Plaintiff in the Lawsuit beyond the aggregate attorneys' fees and costs of $75,736.25, inclusive of Plaintiff's pro-rata share described above.

Payments by Defendants of Plaintiffs' compensation and Billhorn Law Firm's attorneys' fees shall be delivered to the office of Billhorn Law Firm located at 53 W. Jackson Blvd., Suite 1137 Chicago, IL 60604 by United Parcel Service or Federal Express according to the terms herein as described in this Section. Defendants agrees to provide the Tracking Number attributed to each mailing to Plaintiffs' counsel via email within one (1) business day after said mailings are sent. Alternatively, and by mutual agreement by the Parties, the settlement funds may be transmitted to Billhorn Law Firm via wire transfer.

DocuSign Envelope ID: 1831EC51-1E0C-4C9B-9169-7E7A96011E8D

9.      **No Liability:** Nothing contained herein, nor the consummation of this Settlement Agreement, is to be construed as or deemed an admission of liability, culpability, negligence or wrongdoing on the part of Defendants.  The Parties further agree that the Settlement Agreement, the fact of this settlement, any of the terms in the Settlement Agreement, and any documents filed in support of the settlement  shall not constitute, or be offered, received, claimed, construed, or deemed as, an admission, finding or evidence of: (i) any wrongdoing, (ii) any violation of any statute or law, (iii) any liability on the claims or allegations in the Lawsuit on the part of the Defendants, or (iv) the propriety of certifying a class in any other lawsuit, arbitration or other proceeding.  Defendants have denied and continue to deny any liability, wrongdoing, or legal violations of any kind related to the claims and contentions asserted in the Lawsuit, have asserted a multitude of defenses to the Lawsuit, and have denied that any injuries or damages exist.  Defendants submit that it has complied with all applicable laws at all times.

10.     **Acknowledgments:** Plaintiff acknowledges that he (1) is, has been and continues to be represented by an attorney, (2) has had sufficient and reasonable time to consult with his attorney before signing below, (3) has read this Agreement and has full knowledge of its meaning and consequences, and (4) is voluntarily, freely and willingly entering into this Agreement by signing below. Plaintiff further attests that no other promises or inducements have been offered for this Agreement, other than those set forth above, and that she is legally competent to execute this Agreement and accepts full responsibility for it.

11.     **Tax Responsibility:**  The Parties shall be responsible for complying with and otherwise satisfying their own tax obligations arising out of this Agreement.

12.     **Entire Agreement:** The terms of this Agreement constitute the entire agreement between the Defendants and Plaintiff, and this Agreement supersedes any prior agreement executed between the Defendants and Plaintiff to the extent that the prior agreement is inconsistent with this Agreement.

13.     **Severability:** The terms and provisions of this Agreement shall be deemed separable, so that if any term or provision is deemed to be invalid or unenforceable, such term or provision shall be deemed deleted or modified so as to permit the remaining portions of this Agreement to be valid and enforceable to the full extent permitted by applicable law.

14.     **Governing Law:**  Parties agree and acknowledge that this Agreement shall be interpreted, construed and enforced under the laws of the State of Illinois.

15.     **No Assignment of Interests:** Plaintiff warrants that none of her interest in the Lawsuit, have been assigned or otherwise given to any other person or entity.

16.      **Successors and Assigns:** Parties acknowledge and agree that the terms of this Agreement shall inure to the benefit of and may be enforced by the parties to this Agreement.  Parties further acknowledge that this Agreement shall be binding upon Plaintiff, his heirs, agents, representatives, executors and administrators, and also upon the Defendants, their affiliated companies, predecessors, successors, and all of their present, future and former

4

DocuSign Envelope ID: 1831EC51-1E0C-4C2D-8169-7E7A96011E8D

shareholders, officers, directors, employees, agents, representatives and assigns. Parties further acknowledge that this Agreement may not be amended, in whole or in part, except in writing signed by Plaintiff and a duly authorized employee or officer of the Defendants.

17.    **Counterparts:** This Agreement may be executed in counterparts each of which shall be deemed to be an original, but all of which together shall constitute one Agreement. The Parties agree that electronic signatures will be accepted as originals.

WHEREFORE, the Parties hereto have affixed their signatures below.

**SIGNATURES FOLLOW ON NEXT PAGE**

Marcell Washington

Signature: _____

Print: Marcell Washington

_____

Date: 7/21/2022

_____

Western Petroleum Express Inc., d/b/a Speedway Lube Express and Pit Stop 500

Signature: _____

Print: _____

Date: _____

Petroleum Products Inc., d/b/a Pit Stop 500

Signature: _____

Print: _____

Date: _____

Jason Proudfoot, Individually

Signature: _____

Print: _____

Date: _____

## END OF DOCUMENT

6

## <u>SETTLEMENT AGREEMENT AND MUTUAL GENERAL RELEASE</u>

This Settlement Agreement and Mutual General Release (hereinafter "Agreement") is entered into by and between **Michael Calhoun** (hereinafter referred to as "Plaintiff"), and Western Petroleum Express Inc., d/b/a Speedway Lube Express and Pit Stop 500, Petroleum Products Inc., d/b/a Pit Stop 500 and Jason Proudfoot, each of their predecessors, successors, and all of their present and former shareholders, officers, directors, employees, agents, representatives and assigns (together "Defendants" or "Pit Stop 500") (Plaintiff and Defendants referred to collectively as the "Parties").

WHEREAS, the Parties hereto are and have been parties to a lawsuit pending before the United States District Court for the Northern District of Illinois, Eastern Division, known as *Foster et al v. Western Petroleum Express Inc., d/b/a Speedway Lube Express and Pit Stop 500 et al.,* Case No. 20-cv-5402 (hereinafter referred to as the "Lawsuit"); and

WHEREAS, the Parties have agreed to compromise the Lawsuit, and all other disputes between them in order to avoid the expense, inconvenience and delay of further litigation;

IT IS HEREBY AGREED AS FOLLOWS:

1.     **<u>Waiver and General Release by Foster</u>:** Except for breaches of this Agreement, Plaintiff does hereby irrevocably waive, release and discharge the Defendants from any and all claims, demands, damages, grievances, causes of action or suits, including claims for attorneys' fees, that he might have or that she has had arising from, growing out of or in any way connected with, directly or indirectly, any employment decision made by the Defendants up to and including the date of this Agreement including, but not limited to, the employment matters referenced in the Lawsuit. Plaintiff acknowledges and agrees that any right to relief which he sought in the Lawsuit shall be satisfied upon his execution of this Agreement, and that this Agreement resolves and subsumes any and all claims based on any conduct by the Defendants through the date of this Agreement including, but not limited to, any and all claims arising under the Fair Labor Standards Act, 29 U;.S.C. §201 et seq., the Illinois Minimum Wage Law, 820 ILCS §105/1 et seq. and the Chicago Minimum Wage Ordinance, § 6-105-040 of the Municipal Code of Chicago, including any claims for attorneys' fees and costs thereunder, and any claims or causes of action that Plaintiff has had or may have had regarding any wrongful or retaliatory discharge, breach of express or implied contract, breach of covenant, libel, slander, defamation, intentional or negligent infliction of emotional distress, or any other alleged wrongdoing or illegality which are related in any way, directly or indirectly, to the claims, events, transaction or occurrence addressed in the Lawsuit identified herein.

2.     **<u>Waiver and General Release by Defendants</u>:** Except for breaches of this Agreement, Defendants hereby irrevocably waive, release and discharge Plaintiff from any and all claims, demands, sums of money, express of implied contract, breach of covenant, damages, grievances, libel, slander, defamation, fraud, intentional or negligent infliction of emotional distress, causes of action or suits, including claims for attorneys' fees, or any other alleged wrongdoing or illegality that they might have or that they have had arising from, growing out of or in any way connected with, directly or indirectly, to the claims, events, transaction or occurrence addressed

1

DocuSign Envelope ID: A9B2B551-9B4D-4D2F-812B-C47586A3BB0D

in the Lawsuit identified herein, including the employment of Plaintiff by Defendants, up to and including the date of this Agreement.

3.      **Dismissal of Lawsuit:** Plaintiff and his attorneys shall be responsible for dismissing and shall dismiss the Lawsuit, first without prejudice at the time the District Court enters an order approving this Agreement. Plaintiff shall then, within 30 days after all payments described in Section 8 have been made by Defendants, dismiss the case with prejudice in the event the District Court does not do so on its own.

4.      **Mutual Covenant Not to Sue:** Parties further warrant that, other than the Lawsuit, they have not filed or initiated any claims of any type against the other Party with any court, governmental or administrative agency.  Parties further warrant that they will not do so in the future, directly or indirectly, based in whole or in part upon events occurring prior to the date of this Agreement.  Parties specifically waive the right to receive any benefits or remedial relief as a consequence of any charge filed with any such agency other than that relief specified in this Agreement.

5.      **Mutual Non-Disclosure:** The Parties agree not to discuss or disclose the terms and provisions of this Agreement to any person other than a spouse, attorneys, insurers, financial advisor, tax advisor and state and federal taxing authorities, unless legally required, without the other Party's prior express written consent. Parties agree that if asked about this Lawsuit, each will respond only that "the matter has been resolved, or to that effect.

6.      **Neutral Job Reference:** If in the future any prospective employer requests a job reference for Plaintiff, Defendants agree to provide a neutral job reference. All inquiries related to Plaintiff's employment with Defendants will be directed to Defendant Jason Proudfoot or Defendants' Director of Human Resources, or equivalent. Defendants, by and through their designated representative will provide, if requested, only the starting and ending dates that Plaintiff worked for Defendants and job title(s), as requested by the person or entity seeking said employment reference. Defendants agree that in any such communication with any third-party, including any prospective employer inquiring with Defendants about Plaintiff, Defendants, specifically by and through their designated representative, shall make no reference to the existence of this lawsuit or suggest by innuendo or otherwise that Plaintiff sued Defendants. Defendants, by and through their designated representative, agree that they will not release any information or records pertaining to Plaintiff's disciplinary history to any third party unless expressly authorized to do so pursuant to a valid subpoena or other court order, or the express written permission of Plaintiff.

7.      **Mutual Non-Disparagement:** At no time shall Plaintiff (i) make any statements, or take any other actions whatsoever, to disparage, defame, sully or compromise the goodwill, name, brand or reputation of Defendants or their business, trade or occupation or (ii) commit any other action that could likely injure, hinder or interfere with the business, business relationships, livelihood, reputation or goodwill of Defendants. Defendants, Defendants' owners, and Defendants' designated representative(s) shall not make any statements, or take any other actions whatsoever, to disparage, defame, sully or compromise the goodwill, name, brand or

2

reputation of Plaintiff or his business, trade or occupation or (ii) commit any other action that could likely injure, hinder or interfere with the business, business relationships, livelihood, reputation or goodwill of Plaintiff.

8. **Payment:**

      In consideration of the promises made in this Agreement, as outlined in this section, the Defendants agree to pay to all Plaintiff the aggregate sum of $3,152.25 by certified check within twenty-one (21) days of the District Court's approval of this Agreement. Of this aggregate sum, $1,050.75 shall be considered wages for which Defendants shall issue a 2022 Form W2. The remaining amount, or $2,101.50, will be paid with no withholdings taken. Defendants shall issue Plaintiff a 2022 Form 1099. Plaintiff will provide Defendants with a Form W4 and Form W9 before payments are made. Defendants shall issue the tax documents at such time as such forms are issued by Defendants' accounting firm.

      Defendants further agrees to pay to Plaintiffs' attorneys, Billhorn Law Firm, a total aggregate amount of $75,736.25 by certified check as attorneys' fees and costs relative to all Plaintiffs in the Lawsuit within twenty-one (21) days of the District Court's approval of this Agreement. Plaintiff's pro-rata share of attorneys' fees and costs being paid by Defendants is $1,739.97. Defendants will issue to the Billhorn Law Firm an IRS Form 1099 for the entire aggregate attorneys' fees. The attorneys' fee payments shall be designated for attorneys' fees and costs on the Form 1099 at such time as such forms are issued by Defendants' accounting firm. The Billhorn Law Firm will provide Defendants a W-9 before the payments are made.

      Plaintiff acknowledges and agrees that the sum of the Plaintiff Proceeds and the Billhorn Law Firm attorneys' fees constitute all monies payable to Plaintiff and her attorneys by Defendant for the release of claims recited in this Agreement.

      The aggregate attorneys' fees and costs for all Plaintiffs will be paid in a single installment, via separate checks within twenty-one (21) business days of the District Court's approval of this Agreement. Defendants shall provide all monies due to Plaintiff and Plaintiff's attorneys under this Section by certified checks. Defendants shall have no further obligation for payment of any attorneys' fees for any Plaintiff in the Lawsuit beyond the aggregate attorneys' fees and costs of $75,736.25, inclusive of Plaintiff's pro-rata share described above.

      Payments by Defendants of Plaintiffs' compensation and Billhorn Law Firm's attorneys' fees shall be delivered to the office of Billhorn Law Firm located at 53 W. Jackson Blvd., Suite 1137 Chicago, IL 60604 by United Parcel Service or Federal Express according to the terms herein as described in this Section. Defendants agrees to provide the Tracking Number attributed to each mailing to Plaintiffs' counsel via email within one (1) business day after said mailings are sent. Alternatively, and by mutual agreement by the Parties, the settlement funds may be transmitted to Billhorn Law Firm via wire transfer.

DocuSign Envelope ID: A9B2B554-9B4D-4D2F-812B-C47586A3BB0D

9.      **No Liability:** Nothing contained herein, nor the consummation of this Settlement Agreement, is to be construed as or deemed an admission of liability, culpability, negligence or wrongdoing on the part of Defendants.  The Parties further agree that the Settlement Agreement, the fact of this settlement, any of the terms in the Settlement Agreement, and any documents filed in support of the settlement  shall not constitute, or be offered, received, claimed, construed, or deemed as, an admission, finding or evidence of: (i) any wrongdoing, (ii) any violation of any statute or law, (iii) any liability on the claims or allegations in the Lawsuit on the part of the Defendants, or (iv) the propriety of certifying a class in any other lawsuit, arbitration or other proceeding.  Defendants have denied and continue to deny any liability, wrongdoing, or legal violations of any kind related to the claims and contentions asserted in the Lawsuit, have asserted a multitude of defenses to the Lawsuit, and have denied that any injuries or damages exist.  Defendants submit that it has complied with all applicable laws at all times.


10.      **Acknowledgments:** Plaintiff acknowledges that he (1) is, has been and continues to be represented by an attorney, (2) has had sufficient and reasonable time to consult with his attorney before signing below, (3) has read this Agreement and has full knowledge of its meaning and consequences, and (4) is voluntarily, freely and willingly entering into this Agreement by signing below. Plaintiff further attests that no other promises or inducements have been offered for this Agreement, other than those set forth above, and that she is legally competent to execute this Agreement and accepts full responsibility for it.

11.      **Tax Responsibility:**  The Parties shall be responsible for complying with and otherwise satisfying their own tax obligations arising out of this Agreement.

12.      **Entire Agreement:** The terms of this Agreement constitute the entire agreement between the Defendants and Plaintiff, and this Agreement supersedes any prior agreement executed between the Defendants and Plaintiff to the extent that the prior agreement is inconsistent with this Agreement.

13.      **Severability:** The terms and provisions of this Agreement shall be deemed separable, so that if any term or provision is deemed to be invalid or unenforceable, such term or provision shall be deemed deleted or modified so as to permit the remaining portions of this Agreement to be valid and enforceable to the full extent permitted by applicable law.

14.      **Governing Law:**  Parties agree and acknowledge that this Agreement shall be interpreted, construed and enforced under the laws of the State of Illinois.

15.      **No Assignment of Interests:** Plaintiff warrants that none of her interest in the Lawsuit, have been assigned or otherwise given to any other person or entity.

16.       **Successors and Assigns:** Parties acknowledge and agree that the terms of this Agreement shall inure to the benefit of and may be enforced by the parties to this Agreement.  Parties further acknowledge that this Agreement shall be binding upon Plaintiff, his heirs, agents, representatives, executors and administrators, and also upon the Defendants, their affiliated companies, predecessors, successors, and all of their present, future and former

shareholders, officers, directors, employees, agents, representatives and assigns. Parties further acknowledge that this Agreement may not be amended, in whole or in part, except in writing signed by Plaintiff and a duly authorized employee or officer of the Defendants.

17.     **Counterparts:** This Agreement may be executed in counterparts each of which shall be deemed to be an original, but all of which together shall constitute one Agreement. The Parties agree that electronic signatures will be accepted as originals.

WHEREFORE, the Parties hereto have affixed their signatures below.

## SIGNATURES FOLLOW ON NEXT PAGE

Michael Calhoun

Signature: _____

Print: Michael Calhoun
_____

Date: 7/21/2022
_____

Western Petroleum Express Inc., d/b/a Speedway Lube Express and Pit Stop 500

Signature: _____

Print: _____

Date: _____

Petroleum Products Inc., d/b/a Pit Stop 500

Signature: _____

Print: _____

Date: _____

Jason Proudfoot, Individually

Signature: _____

Print: _____

Date: _____

## END OF DOCUMENT

DocuSign Envelope ID: 7CBA5A9C-8CC8-45E5-8991-CECDEC22BEB3

## SETTLEMENT AGREEMENT AND MUTUAL GENERAL RELEASE

This Settlement Agreement and Mutual General Release (hereinafter "Agreement") is entered into by and between **Peter Davis** (hereinafter referred to as "Plaintiff"), and Western Petroleum Express Inc., d/b/a Speedway Lube Express and Pit Stop 500, Petroleum Products Inc., d/b/a Pit Stop 500 and Jason Proudfoot, each of their predecessors, successors, and all of their present and former shareholders, officers, directors, employees, agents, representatives and assigns (together "Defendants" or "Pit Stop 500") (Plaintiff and Defendants referred to collectively as the "Parties").

WHEREAS, the Parties hereto are and have been parties to a lawsuit pending before the United States District Court for the Northern District of Illinois, Eastern Division, known as *Foster et al v. Western Petroleum Express Inc., d/b/a Speedway Lube Express and Pit Stop 500 et al.,* Case No. 20-cv-5402 (hereinafter referred to as the "Lawsuit"); and

WHEREAS, the Parties have agreed to compromise the Lawsuit, and all other disputes between them in order to avoid the expense, inconvenience and delay of further litigation;

IT IS HEREBY AGREED AS FOLLOWS:

1.    **Waiver and General Release by Foster**: Except for breaches of this Agreement, Plaintiff does hereby irrevocably waive, release and discharge the Defendants from any and all claims, demands, damages, grievances, causes of action or suits, including claims for attorneys' fees, that he might have or that she has had arising from, growing out of or in any way connected with, directly or indirectly, any employment decision made by the Defendants up to and including the date of this Agreement including, but not limited to, the employment matters referenced in the Lawsuit. Plaintiff acknowledges and agrees that any right to relief which he sought in the Lawsuit shall be satisfied upon his execution of this Agreement, and that this Agreement resolves and subsumes any and all claims based on any conduct by the Defendants through the date of this Agreement including, but not limited to, any and all claims arising under the Fair Labor Standards Act, 29 U;.S.C. §201 et seq., the Illinois Minimum Wage Law, 820 ILCS §105/1 et seq. and the Chicago Minimum Wage Ordinance, § 6-105-040 of the Municipal Code of Chicago, including any claims for attorneys' fees and costs thereunder, and any claims or causes of action that Plaintiff has had or may have had regarding any wrongful or retaliatory discharge, breach of express or implied contract, breach of covenant, libel, slander, defamation, intentional or negligent infliction of emotional distress, or any other alleged wrongdoing or illegality which are related in any way, directly or indirectly, to the claims, events, transaction or occurrence addressed in the Lawsuit identified herein.

2.    **Waiver and General Release by Defendants**: Except for breaches of this Agreement, Defendants hereby irrevocably waive, release and discharge Plaintiff from any and all claims, demands, sums of money, express of implied contract, breach of covenant, damages, grievances, libel, slander, defamation, fraud, intentional or negligent infliction of emotional distress, causes of action or suits, including claims for attorneys' fees, or any other alleged wrongdoing or illegality that they might have or that they have had arising from, growing out of or in any way connected with, directly or indirectly, to the claims, events, transaction or occurrence addressed

1

DocuSign Envelope ID: 7CBA5A9C-8CC8-45F5-8991-CFCDEC28BEBB

in the Lawsuit identified herein, including the employment of Plaintiff by Defendants, up to and including the date of this Agreement.

3.     **Dismissal of Lawsuit:** Plaintiff and his attorneys shall be responsible for dismissing and shall dismiss the Lawsuit, first without prejudice at the time the District Court enters an order approving this Agreement. Plaintiff shall then, within 30 days after all payments described in Section 8 have been made by Defendants, dismiss the case with prejudice in the event the District Court does not do so on its own.

4.     **Mutual Covenant Not to Sue:** Parties further warrant that, other than the Lawsuit, they have not filed or initiated any claims of any type against the other Party with any court, governmental or administrative agency. Parties further warrant that they will not do so in the future, directly or indirectly, based in whole or in part upon events occurring prior to the date of this Agreement. Parties specifically waive the right to receive any benefits or remedial relief as a consequence of any charge filed with any such agency other than that relief specified in this Agreement.

5.     **Mutual Non-Disclosure:** The Parties agree not to discuss or disclose the terms and provisions of this Agreement to any person other than a spouse, attorneys, insurers, financial advisor, tax advisor and state and federal taxing authorities, unless legally required, without the other Party's prior express written consent. Parties agree that if asked about this Lawsuit, each will respond only that "the matter has been resolved, or to that effect."

6.     **Neutral Job Reference:** If in the future any prospective employer requests a job reference for Plaintiff, Defendants agree to provide a neutral job reference. All inquiries related to Plaintiff's employment with Defendants will be directed to Defendant Jason Proudfoot or Defendants' Director of Human Resources, or equivalent. Defendants, by and through their designated representative will provide, if requested, only the starting and ending dates that Plaintiff worked for Defendants and job title(s), as requested by the person or entity seeking said employment reference. Defendants agree that in any such communication with any third-party, including any prospective employer inquiring with Defendants about Plaintiff, Defendants, specifically by and through their designated representative, shall make no reference to the existence of this lawsuit or suggest by innuendo or otherwise that Plaintiff sued Defendants. Defendants, by and through their designated representative, agree that they will not release any information or records pertaining to Plaintiff's disciplinary history to any third party unless expressly authorized to do so pursuant to a valid subpoena or other court order, or the express written permission of Plaintiff.

7.     **Mutual Non-Disparagement:** At no time shall Plaintiff (i) make any statements, or take any other actions whatsoever, to disparage, defame, sully or compromise the goodwill, name, brand or reputation of Defendants or their business, trade or occupation or (ii) commit any other action that could likely injure, hinder or interfere with the business, business relationships, livelihood, reputation or goodwill of Defendants. Defendants, Defendants' owners, and Defendants' designated representative(s) shall not make any statements, or take any other actions whatsoever, to disparage, defame, sully or compromise the goodwill, name, brand or

2

reputation of Plaintiff or his business, trade or occupation or (ii) commit any other action that could likely injure, hinder or interfere with the business, business relationships, livelihood, reputation or goodwill of Plaintiff.

8. **Payment:**

In consideration of the promises made in this Agreement, as outlined in this section, the Defendants agree to pay to all Plaintiff the aggregate sum of $561.75 by certified check within twenty-one (21) days of the District Court's approval of this Agreement. Of this aggregate sum, $187.25 shall be considered wages for which Defendants shall issue a 2022 Form W2. The remaining amount, or $374.50, will be paid with no withholdings taken. Defendants shall issue Plaintiff a 2022 Form 1099. Plaintiff will provide Defendants with a Form W4 and Form W9 before payments are made. Defendants shall issue the tax documents at such time as such forms are issued by Defendants' accounting firm.

Defendants further agrees to pay to Plaintiffs' attorneys, Billhorn Law Firm, a total aggregate amount of $75,736.25 by certified check as attorneys' fees and costs relative to all Plaintiffs in the Lawsuit within twenty-one (21) days of the District Court's approval of this Agreement. Plaintiff's pro-rata share of attorneys' fees and costs being paid by Defendants is $310.07. Defendants will issue to the Billhorn Law Firm an IRS Form 1099 for the entire aggregate attorneys' fees. The attorneys' fee payments shall be designated for attorneys' fees and costs on the Form 1099 at such time as such forms are issued by Defendants' accounting firm. The Billhorn Law Firm will provide Defendants a W-9 before the payments are made.

Plaintiff acknowledges and agrees that the sum of the Plaintiff Proceeds and the Billhorn Law Firm attorneys' fees constitute all monies payable to Plaintiff and her attorneys by Defendant for the release of claims recited in this Agreement.

The aggregate attorneys' fees and costs for all Plaintiffs will be paid in a single installment, via separate checks within twenty-one (21) business days of the District Court's approval of this Agreement. Defendants shall provide all monies due to Plaintiff and Plaintiff's attorneys under this Section by certified checks. Defendants shall have no further obligation for payment of any attorneys' fees for any Plaintiff in the Lawsuit beyond the aggregate attorneys' fees and costs of $75,736.25, inclusive of Plaintiff's pro-rata share described above.

Payments by Defendants of Plaintiffs' compensation and Billhorn Law Firm's attorneys' fees shall be delivered to the office of Billhorn Law Firm located at 53 W. Jackson Blvd., Suite 1137 Chicago, IL 60604 by United Parcel Service or Federal Express according to the terms herein as described in this Section. Defendants agrees to provide the Tracking Number attributed to each mailing to Plaintiffs' counsel via email within one (1) business day after said mailings are sent. Alternatively, and by mutual agreement by the Parties, the settlement funds may be transmitted to Billhorn Law Firm via wire transfer.

3

DocuSign Envelope ID: 7CBA5A9C-8CC8-45E5-8991-CFCDEC23BEBB

9.      **No Liability:** Nothing contained herein, nor the consummation of this Settlement Agreement, is to be construed as or deemed an admission of liability, culpability, negligence or wrongdoing on the part of Defendants.  The Parties further agree that the Settlement Agreement, the fact of this settlement, any of the terms in the Settlement Agreement, and any documents filed in support of the settlement  shall not constitute, or be offered, received, claimed, construed, or deemed as, an admission, finding or evidence of: (i) any wrongdoing, (ii) any violation of any statute or law, (iii) any liability on the claims or allegations in the Lawsuit on the part of the Defendants, or (iv) the propriety of certifying a class in any other lawsuit, arbitration or other proceeding.  Defendants have denied and continue to deny any liability, wrongdoing, or legal violations of any kind related to the claims and contentions asserted in the Lawsuit, have asserted a multitude of defenses to the Lawsuit, and have denied that any injuries or damages exist.  Defendants submit that it has complied with all applicable laws at all times.

10.     **Acknowledgments:** Plaintiff acknowledges that he (1) is, has been and continues to be represented by an attorney, (2) has had sufficient and reasonable time to consult with his attorney before signing below, (3) has read this Agreement and has full knowledge of its meaning and consequences, and (4) is voluntarily, freely and willingly entering into this Agreement by signing below. Plaintiff further attests that no other promises or inducements have been offered for this Agreement, other than those set forth above, and that she is legally competent to execute this Agreement and accepts full responsibility for it.

11.     **Tax Responsibility:**  The Parties shall be responsible for complying with and otherwise satisfying their own tax obligations arising out of this Agreement.

12.     **Entire Agreement:** The terms of this Agreement constitute the entire agreement between the Defendants and Plaintiff, and this Agreement supersedes any prior agreement executed between the Defendants and Plaintiff to the extent that the prior agreement is inconsistent with this Agreement.

13.     **Severability:** The terms and provisions of this Agreement shall be deemed separable, so that if any term or provision is deemed to be invalid or unenforceable, such term or provision shall be deemed deleted or modified so as to permit the remaining portions of this Agreement to be valid and enforceable to the full extent permitted by applicable law.

14.     **Governing Law:** Parties agree and acknowledge that this Agreement shall be interpreted, construed and enforced under the laws of the State of Illinois.

15.     **No Assignment of Interests:** Plaintiff warrants that none of her interest in the Lawsuit, have been assigned or otherwise given to any other person or entity.

16.      **Successors and Assigns:** Parties acknowledge and agree that the terms of this Agreement shall inure to the benefit of and may be enforced by the parties to this Agreement.  Parties further acknowledge that this Agreement shall be binding upon Plaintiff, his heirs, agents, representatives, executors and administrators, and also upon the Defendants, their affiliated companies, predecessors, successors, and all of their present, future and former

DocuSign Envelope ID: 7CBA5A9C-9CC8-45F5-8991-CFCDEC23BEBB

shareholders, officers, directors, employees, agents, representatives and assigns. Parties further acknowledge that this Agreement may not be amended, in whole or in part, except in writing signed by Plaintiff and a duly authorized employee or officer of the Defendants.

17.     **Counterparts:**  This Agreement may be executed in counterparts each of which shall be deemed to be an original, but all of which together shall constitute one Agreement. The Parties agree that electronic signatures will be accepted as originals.

WHEREFORE, the Parties hereto have affixed their signatures below.

**SIGNATURES FOLLOW ON NEXT PAGE**

Peter Davis

Signature: _____

Print: _Peter Davis_____

Date: _7/20/2022_____

Western Petroleum Express Inc., d/b/a Speedway Lube Express and Pit Stop 500

Signature: _____


Print: _____


Date: _____

Petroleum Products Inc., d/b/a Pit Stop 500

Signature: _____


Print: _____


Date: _____


Jason Proudfoot, Individually

Signature: _____


Print: _____


Date: _____


**END OF DOCUMENT**

6

DocuSign Envelope ID: 290A434E-82EC-486F-95GF-CAE02E494B4A

## SETTLEMENT AGREEMENT AND MUTUAL GENERAL RELEASE

This Settlement Agreement and Mutual General Release (hereinafter "Agreement") is entered into by and between **Robert Ware** (hereinafter referred to as "Plaintiff"), and Western Petroleum Express Inc., d/b/a Speedway Lube Express and Pit Stop 500, Petroleum Products Inc., d/b/a Pit Stop 500 and Jason Proudfoot, each of their predecessors, successors, and all of their present and former shareholders, officers, directors, employees, agents, representatives and assigns (together "Defendants" or "Pit Stop 500") (Plaintiff and Defendants referred to collectively as the "Parties").

WHEREAS, the Parties hereto are and have been parties to a lawsuit pending before the United States District Court for the Northern District of Illinois, Eastern Division, known as *Foster et al v. Western Petroleum Express Inc., d/b/a Speedway Lube Express and Pit Stop 500 et al.,* Case No. 20-cv-5402 (hereinafter referred to as the "Lawsuit"); and

WHEREAS, the Parties have agreed to compromise the Lawsuit, and all other disputes between them in order to avoid the expense, inconvenience and delay of further litigation;

IT IS HEREBY AGREED AS FOLLOWS:

1.     **Waiver and General Release by Foster:** Except for breaches of this Agreement, Plaintiff does hereby irrevocably waive, release and discharge the Defendants from any and all claims, demands, damages, grievances, causes of action or suits, including claims for attorneys' fees, that he might have or that she has had arising from, growing out of or in any way connected with, directly or indirectly, any employment decision made by the Defendants up to and including the date of this Agreement including, but not limited to, the employment matters referenced in the Lawsuit. Plaintiff acknowledges and agrees that any right to relief which he sought in the Lawsuit shall be satisfied upon his execution of this Agreement, and that this Agreement resolves and subsumes any and all claims based on any conduct by the Defendants through the date of this Agreement including, but not limited to, any and all claims arising under the Fair Labor Standards Act, 29 U;.S.C. §201 et seq., the Illinois Minimum Wage Law, 820 ILCS §105/1 et seq. and the Chicago Minimum Wage Ordinance, § 6-105-040 of the Municipal Code of Chicago, including any claims for attorneys' fees and costs thereunder, and any claims or causes of action that Plaintiff has had or may have had regarding any wrongful or retaliatory discharge, breach of express or implied contract, breach of covenant, libel, slander, defamation, intentional or negligent infliction of emotional distress, or any other alleged wrongdoing or illegality which are related in any way, directly or indirectly, to the claims, events, transaction or occurrence addressed in the Lawsuit identified herein.

2.     **Waiver and General Release by Defendants:** Except for breaches of this Agreement, Defendants hereby irrevocably waive, release and discharge Plaintiff from any and all claims, demands, sums of money, express of implied contract, breach of covenant, damages, grievances, libel, slander, defamation, fraud, intentional or negligent infliction of emotional distress, causes of action or suits, including claims for attorneys' fees, or any other alleged wrongdoing or illegality that they might have or that they have had arising from, growing out of or in any way connected with, directly or indirectly, to the claims, events, transaction or occurrence addressed

1

DocuSign Envelope ID: 290A431E-82EC-486E-85CF-CAE02E494B4A

in the Lawsuit identified herein, including the employment of Plaintiff by Defendants, up to and including the date of this Agreement.

3. **Dismissal of Lawsuit:** Plaintiff and his attorneys shall be responsible for dismissing and shall dismiss the Lawsuit, first without prejudice at the time the District Court enters an order approving this Agreement. Plaintiff shall then, within 30 days after all payments described in Section 8 have been made by Defendants, dismiss the case with prejudice in the event the District Court does not do so on its own.

4. **Mutual Covenant Not to Sue:** Parties further warrant that, other than the Lawsuit, they have not filed or initiated any claims of any type against the other Party with any court, governmental or administrative agency. Parties further warrant that they will not do so in the future, directly or indirectly, based in whole or in part upon events occurring prior to the date of this Agreement. Parties specifically waive the right to receive any benefits or remedial relief as a consequence of any charge filed with any such agency other than that relief specified in this Agreement.

5. **Mutual Non-Disclosure:** The Parties agree not to discuss or disclose the terms and provisions of this Agreement to any person other than a spouse, attorneys, insurers, financial advisor, tax advisor and state and federal taxing authorities, unless legally required, without the other Party's prior express written consent. Parties agree that if asked about this Lawsuit, each will respond only that "the matter has been resolved, or to that effect."

6. **Neutral Job Reference:** If in the future any prospective employer requests a job reference for Plaintiff, Defendants agree to provide a neutral job reference. All inquiries related to Plaintiff's employment with Defendants will be directed to Defendant Jason Proudfoot or Defendants' Director of Human Resources, or equivalent. Defendants, by and through their designated representative will provide, if requested, only the starting and ending dates that Plaintiff worked for Defendants and job title(s), as requested by the person or entity seeking said employment reference. Defendants agree that in any such communication with any third-party, including any prospective employer inquiring with Defendants about Plaintiff, Defendants, specifically by and through their designated representative, shall make no reference to the existence of this lawsuit or suggest by innuendo or otherwise that Plaintiff sued Defendants. Defendants, by and through their designated representative, agree that they will not release any information or records pertaining to Plaintiff's disciplinary history to any third party unless expressly authorized to do so pursuant to a valid subpoena or other court order, or the express written permission of Plaintiff.

7. **Mutual Non-Disparagement:** At no time shall Plaintiff (i) make any statements, or take any other actions whatsoever, to disparage, defame, sully or compromise the goodwill, name, brand or reputation of Defendants or their business, trade or occupation or (ii) commit any other action that could likely injure, hinder or interfere with the business, business relationships, livelihood, reputation or goodwill of Defendants. Defendants, Defendants' owners, and Defendants' designated representative(s) shall not make any statements, or take any other actions whatsoever, to disparage, defame, sully or compromise the goodwill, name, brand or

reputation of Plaintiff or his business, trade or occupation or (ii) commit any other action that could likely injure, hinder or interfere with the business, business relationships, livelihood, reputation or goodwill of Plaintiff.

8. **Payment:**

   In consideration of the promises made in this Agreement, as outlined in this section, the Defendants agree to pay to all Plaintiff the aggregate sum of $46,372.50 by certified check within twenty-one (21) days of the District Court's approval of this Agreement. Of this aggregate sum, $15,457.50 shall be considered wages for which Defendants shall issue a 2022 Form W2. The remaining amount, or $30,915.00, will be paid with no withholdings taken. Defendants shall issue Plaintiff a 2022 Form 1099. Plaintiff will provide Defendants with a Form W4 and Form W9 before payments are made. Defendants shall issue the tax documents at such time as such forms are issued by Defendants' accounting firm.

   Defendants further agrees to pay to Plaintiffs' attorneys, Billhorn Law Firm, a total aggregate amount of $75,736.25 by certified check as attorneys' fees and costs relative to all Plaintiffs in the Lawsuit within twenty-one (21) days of the District Court's approval of this Agreement. Plaintiff's pro-rata share of attorneys' fees and costs being paid by Defendants is $25,596.61. Defendants will issue to the Billhorn Law Firm an IRS Form 1099 for the entire aggregate attorneys' fees. The attorneys' fee payments shall be designated for attorneys' fees and costs on the Form 1099 at such time as such forms are issued by Defendants' accounting firm. The Billhorn Law Firm will provide Defendants a W-9 before the payments are made.

   Plaintiff acknowledges and agrees that the sum of the Plaintiff Proceeds and the Billhorn Law Firm attorneys' fees constitute all monies payable to Plaintiff and her attorneys by Defendant for the release of claims recited in this Agreement.

   The aggregate attorneys' fees and costs for all Plaintiffs will be paid in a single installment, via separate checks within twenty-one (21) business days of the District Court's approval of this Agreement. Defendants shall provide all monies due to Plaintiff and Plaintiff's attorneys under this Section by certified checks. Defendants shall have no further obligation for payment of any attorneys' fees for any Plaintiff in the Lawsuit beyond the aggregate attorneys' fees and costs of $75,736.25, inclusive of Plaintiff's pro-rata share described above.

   Payments by Defendants of Plaintiffs' compensation and Billhorn Law Firm's attorneys' fees shall be delivered to the office of Billhorn Law Firm located at 53 W. Jackson Blvd., Suite 1137 Chicago, IL 60604 by United Parcel Service or Federal Express according to the terms herein as described in this Section. Defendants agrees to provide the Tracking Number attributed to each mailing to Plaintiffs' counsel via email within one (1) business day after said mailings are sent. Alternatively, and by mutual agreement by the Parties, the settlement funds may be transmitted to Billhorn Law Firm via wire transfer.

9.      **No Liability:** Nothing contained herein, nor the consummation of this Settlement Agreement, is to be construed as or deemed an admission of liability, culpability, negligence or wrongdoing on the part of Defendants.  The Parties further agree that the Settlement Agreement, the fact of this settlement, any of the terms in the Settlement Agreement, and any documents filed in support of the settlement  shall not constitute, or be offered, received, claimed, construed, or deemed as, an admission, finding or evidence of: (i) any wrongdoing, (ii) any violation of any statute or law, (iii) any liability on the claims or allegations in the Lawsuit on the part of the Defendants, or (iv) the propriety of certifying a class in any other lawsuit, arbitration or other proceeding.  Defendants have denied and continue to deny any liability, wrongdoing, or legal violations of any kind related to the claims and contentions asserted in the Lawsuit, have asserted a multitude of defenses to the Lawsuit, and have denied that any injuries or damages exist.  Defendants submit that it has complied with all applicable laws at all times.

10.     **Acknowledgments:** Plaintiff acknowledges that he (1) is, has been and continues to be represented by an attorney, (2) has had sufficient and reasonable time to consult with his attorney before signing below, (3) has read this Agreement and has full knowledge of its meaning and consequences, and (4) is voluntarily, freely and willingly entering into this Agreement by signing below. Plaintiff further attests that no other promises or inducements have been offered for this Agreement, other than those set forth above, and that she is legally competent to execute this Agreement and accepts full responsibility for it.

11.     **Tax Responsibility:**  The Parties shall be responsible for complying with and otherwise satisfying their own tax obligations arising out of this Agreement.

12.     **Entire Agreement:** The terms of this Agreement constitute the entire agreement between the Defendants and Plaintiff, and this Agreement supersedes any prior agreement executed between the Defendants and Plaintiff to the extent that the prior agreement is inconsistent with this Agreement.

13.     **Severability:** The terms and provisions of this Agreement shall be deemed separable, so that if any term or provision is deemed to be invalid or unenforceable, such term or provision shall be deemed deleted or modified so as to permit the remaining portions of this Agreement to be valid and enforceable to the full extent permitted by applicable law.

14.     **Governing Law:** Parties agree and acknowledge that this Agreement shall be interpreted, construed and enforced under the laws of the State of Illinois.

15.     **No Assignment of Interests:** Plaintiff warrants that none of her interest in the Lawsuit, have been assigned or otherwise given to any other person or entity.

16.      **Successors and Assigns:** Parties acknowledge and agree that the terms of this Agreement shall inure to the benefit of and may be enforced by the parties to this Agreement.  Parties further acknowledge that this Agreement shall be binding upon Plaintiff, his heirs, agents, representatives, executors and administrators, and also upon the Defendants, their affiliated companies, predecessors, successors, and all of their present, future and former

shareholders, officers, directors, employees, agents, representatives and assigns.  Parties further acknowledge that this Agreement may not be amended, in whole or in part, except in writing signed by Plaintiff and a duly authorized employee or officer of the Defendants.

17.    **Counterparts:** This Agreement may be executed in counterparts each of which shall be deemed to be an original, but all of which together shall constitute one Agreement. The Parties agree that electronic signatures will be accepted as originals.

WHEREFORE, the Parties hereto have affixed their signatures below.

<u>**SIGNATURES FOLLOW ON NEXT PAGE**</u>

DocuSign Envelope ID: 290A431E-82EC-486E-95CE-CAE02E194B4A

Robert Ware

Signature: _____

Print: Robert Ware
_____

Date: 7/21/2022
_____

Western Petroleum Express Inc., d/b/a Speedway Lube Express and Pit Stop 500

Signature: _____

Print: _____

Date: _____

Petroleum Products Inc., d/b/a Pit Stop 500

Signature: _____

Print: _____

Date: _____

Jason Proudfoot, Individually

Signature: _____

Print: _____

Date: _____

## **END OF DOCUMENT**